53   337
124  463

53   337
138   61

53   337
161   99

53   337
e165 363

53   337
f170  589

## WRIGHT ET AL. *v.* COMPTON.

MASTER AND SERVANT.—*Negligence of Servant.*—*Parties.*—For an injury resulting from the carelessness or negligence of a servant, while in the performance of his master's business, to a third person, the master is liable, and also the servant, and they may be joined as defendants in an action to recover damages for the injury.

NEGLIGENCE.—*Injury from Unlawful Act.*—Where a person, in quarrying stone, near a public highway, by a blast of gunpowder threw fragments of stone against a traveller passing on said highway, whereby he was injured, the act which caused the injury being unlawful, the recovery of damages for the injury could not be defeated by the fact that there was no negligence on the part of the person who did said act.

DAMAGES.—*Mental Suffering.*—*Pleading.*—In an action to recover damages for an injury to the person of the plaintiff, caused by the wrongful act or omission of the defendant, the jury, in estimating the amount of damages, may consider suffering and anxiety of mind of the plaintiff caused by such injury, as the plain consequences thereof, without special allegation of such suffering and anxiety of mind in the complaint.

From the Putnam Circuit Court.

*G. A. Knight*, for appellants.

*S. W. Curtis*, for appellee.

BIDDLE, J.—This action was originally brought in the Clay Circuit Court by Richard M. Compton, against Mansur H. Wright, Milroy Brackney, Franklin P. Cutshaw and Isaac King. The venue was changed to the Putnam Circuit Court. The complaint states the following facts:

"That on the 11th day of February, 1873, the defendant Mansur H. Wright was the owner of and operating a certain stone quarry, situated in Brazil township, Clay county, Indiana, and as such owner and operator, the said defend-

VOL. LIII.—22

ant had employed and engaged at work in and upon said stone his co-defendants, employed by him to dig and remove the stone from said quarry; that in the mining and removing of said stone from said quarry, the men so employed and at work for said Wright, with the said Wright's knowledge and consent, were in the habit [of drilling] and did on said 11th day of February, 1873, drill holes in the stone there located, and filled the same full of powder, and then and there communicated fire to the powder, for the purpose of breaking and loosening the rock situated in said stone quarry; that there is and was on said 11th day of February, a public highway, running past and near to said quarry, and at the point where said powder was used for the purpose aforesaid; that on said day, this plaintiff was passing along and upon said public highway, as he lawfully might do, with his wagon and team; that as he was opposite and near to said quarry, and where said blasting was done, the said defendants, then at work upon said stone, carelessly and negligently applied fire to the powder arranged as aforesaid, just as this plaintiff was at a point on said highway nearest to where said blasting was done, by reason of which large quantities of stone was [were] thrown in different directions, portions of which was [were] driven and thrown in great violence against and upon this plaintiff, then and there doing him great bodily harm, and inflicting upon his person dangerous and painful wounds, by reason of which he became and was sick, sore, and lame, and so continued for the period of ten weeks; that said wounds, so inflicted as aforesaid, prevented him from attending to his business and kept him confined to his house for and during all the said time; that by reason of said wounds, he is permanently disabled in his right leg, which prevents him from performing the duties of farming, by means of which he gained a livelihood; that he was forced to and did lay out and expend for medical and surgical attention large sums of money, to wit, five hundred dollars; that he was forced to and did lay out and expend the sum of fifteen [dollars] in and about trying to get cured

and healed of said wounds; that, as such owner and work-men, said defendants knowingly, carelessly and wrongfully worked said quarry at all hours of the day, providing no known means to warn parties of their danger in passing along and upon said highway; that said injuries aforesaid, inflicted as aforesaid, were so done by the defendants without any fault or negligence on the part of this plaintiff; wherefore," etc.

The appellee afterwards dismissed his action as against Franklin P. Cutshaw and Isaac King. Wright, separately, and Wright and Brackney, jointly, demurred to the complaint, alleging as cause of demurrer the insufficiency of the facts averred to entitle the appellee to recover. The demurrers were overruled, and exceptions reserved. An answer in three paragraphs was filed, the second and third of which were struck out on motion, leaving the sole issue of the case on the general denial.

Trial by jury, verdict for appellee.

The usual motions were made, rulings had upon them, and exceptions taken to bring the case here.

The insufficiency of the complaint is strongly urged upon us, especially as against Wright, to hold him responsible for the acts of his quarrymen; but, in our opinion, it is good as against both Wright and Brackney. The general rule is, that a master is responsible for injuries to others resulting from the carelessness or negligence of his servants, while in the performance of the master's business.

The law is clearly and forcibly stated by FRAZER, J., in delivering the opinion of this court in the case of *The Evansville, etc., R. R. Co.* v. *Baum*, 26 Ind. 70, to which we fully adhere.

In addition to the authorities cited in that case, we add the following: *Bush* v. *Steinman*, 1 B. & P. 404; *The Philadelphia, etc., R. R. Co.* v. *Derby*, 14 How. U. S. 468; *Moore* v. *Fitchburg R. R. Corporation*, 4 Gray, 465; *Hewett* v. *Swift*, 3 Allen, 420; *Howe* v. *Newmarch*, 12 Allen, 49; *Ramsden* v. *Boston, etc., R. R. Co.*, 104 Mass. 117. That

the servant is also liable for his own carelessness and negligence, and that the master and servant may be joined in the same action, are principles well settled.

The appellants requested the court to give the following instruction to the jury:

"The defendant, in the quarrying of stone near the public highway, had a right to use gunpowder; but, in employing so dangerous a material, he would be held to the exercise of extraordinary diligence and care, in preventing an injury to those who might pass over or along said highway; and if you find that this care and diligence were exercised by the defendant, or his agents, at proper times, and in a proper manner, as by warning travellers not to approach said quarry, or not to pass at the time when blasting was going on, and that such reasonable and proper precautions were observed as careful and prudent men would exercise under such circumstances, then the defendant would not be liable in this action to the plaintiff for damages, as he could not be said to be acting negligently or carelessly, while thus exercising every reasonable and proper precaution to prevent injury."

The court refused this instruction, as it was requested, but modified and gave it as follows:

"The defendant, in the quarrying of stone near the public highway, had a right to use gunpowder; but, in employing so dangerous a material, he would be held to the exercise of extraordinary diligence and care, in preventing an injury to those who might pass over or along said highway; and if you find this care and diligence were exercised by the defendant, or his agents, at proper times, in a proper manner, by warning the plaintiff not to pass said quarry, because of an impending blast, and the plaintiff disregarded said warning, and, by so doing, contributed to his injury, then the defendant would not be liable in this action to the plaintiff for damages."

We are of opinion that the court committed no error, either in refusing the instruction requested, or giving it as modified. The question involved is not one of negligence

on the part of the defendants.   The act charged against them is, in itself, unlawful—not the act of blasting and quarrying rock, but the act of casting fragments of rock upon the plaintiff, to his injury.   When the act, in itself, is unlawful, it is immaterial whether it is done ignorantly, negligently, or purposely, except in the measure of damages. Every person must so use his property, and exercise his rights, as not to injure the property or restrict the rights of others.

In this case, the defendants could not lawfully so use their stone quarry as to embarrass the rights of travellers along the public highway.

The public travel must not be endangered, to accommodate the private rights of an individual.

In the case of *Hay* v. *The Cohoes Company,* 2 Comst. 159, where the company, while digging a canal upon its own land, in prosecuting the work, by a blast of gunpowder, threw fragments of rock against the dwelling-house of the plaintiff, whereby it was injured, it was held that the company was liable for the injury, although no negligence or want of skill, in executing the work, was alleged or proved.

GARDINER, J., in delivering the opinion, very properly remarks:

" A man may prosecute such business as he chooses upon his premises, but he cannot erect a nuisance to the annoyance of the adjoining proprietor, even for the purpose of a lawful trade.   He may excavate a canal, but he cannot cast the dirt or stones upon the land of his neighbor, either by human agency or the force of gunpowder.   If he cannot construct the work without the adoption of such means, he must abandon that mode of using his property, or be held responsible for all damages resulting therefrom.   He will not be permitted to accomplish a legal object in an unlawful manner."

So, we think, in this case, if the defendants cannot work their stone quarry without endangering the safety of travellers on the public highway, they must abandon it, or answer

in damages for the injuries thus done. The same principle is held in the case of *Tremain* v. *The Cohoes Company*, 2 Comst. 163. See, also, *The Queen* v. *Mutters*, 34 L. J. Mag. Cases, 22.

Even where a person was killed by a blast of gunpowder, in a stone quarry, while passing along a foot-path, over the quarry lots owned by the defendants—the path having been habitually so used for many years—the question of negligence on the part of the deceased was left to the jury, whether such a use of the path would warrant the finding of a license to so cross the lots; and it was held that the defendants were liable. *Driscoll* v. *The Newark, etc., Co.*, 37 N. Y. 637.

Several other instructions, involving the same principles, are excepted to and brought before us, but they are disposed of in the above view of the law, and need not be particularly examined.

The court, after instructing the jury as to the rule of compensatory damages, used the following words in conclusion: "To which you may add such an amount as you, in your discretion, think will be a just compensation to the plaintiff for such suffering and anxiety of mind as are fairly and reasonably the plain consequences occasioned to him by the injury done." To this the appellants seriously object, because "there is no claim for damages in the complaint, based upon suffering and anxiety of mind." Nor need there be. It is not matter of special damages, and therefore need not be specially alleged; but it is the natural and direct consequence of the injury charged. Imaginary suffering and fanciful anxiety of mind would not be ground for damages; but suffering and anxiety of mind caused by corporal injuries may be considered by the jury in estimating the amount of damages. *Taber* v. *Hutson*, 5 Ind. 322; *Cox* v. *Vanderkleed*, 21 Ind. 164; *Fisher* v. *Hamilton*, 49 Ind. 341. And we think the evidence fully sustains the verdict.

The appellants have shown us no error in the record

The judgment is affirmed, with costs.