ALBERT WETHERBEE & another *vs.* WILLIAM H. PARTRIDGE.

Suffolk.     November 17, 1899. — January 5, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Injury to Property caused by blasting Rocks on adjoining Land — Independent Contractor.*

At the trial of an action for injuries to the plaintiff's property by the blasting of rocks upon adjoining land of the defendant, the defence relied on was that the work was in the hands of an independent contractor. The contract contemplated that blasting would be done, and the place where it was done was within three or four feet of the line between the plaintiff's and the defendant's land, and about eight or nine feet from the plaintiff's house. *Held*, that it was plain that performance of the contract would do the damage complained of unless it was guarded against, and that the defendant was bound to see that due care was used to prevent harm.

TORT, for injury to the plaintiffs' building by the blasting of rocks on adjoining land of the defendant. Trial in the Superior

Court, before *Bond*, J., who, at the close of the evidence, refused to give the following rulings requested by the defendant, and he excepted. 1. Upon all the evidence in the case the plaintiffs are not entitled to recover as matter of law. 2. The owner of real estate is not liable for the acts of an independent contractor under the conditions testified to, upon all the evidence in this case, and a verdict should be ordered for the defendant as matter of law.

*J. P. Leahy*, (*J. C. Pelletier* with him,) for the defendant.

*G. H. Mellen*, for the plaintiffs.

HOLMES, C. J. This is an action of tort to recover damages for an injury to the plaintiffs' property by the blasting of rocks upon adjoining land of the defendant. The defence relied on is that the work was in the hands of an independent contractor, and the question raised by the exceptions is whether that fact entitled the defendant to have a verdict directed in his favor. It may be assumed that the contract contemplated that blasting would be done, and the place where it was done was within three or four feet of the line between the plaintiffs and the defendant, and about eight or nine feet from the plaintiffs' house. Under such circumstances, it was plain that the performance of the contract would bring to pass the wrongful consequences of which the plaintiffs complain, unless it was guarded against, and if the principle recognized in *Woodman* v. *Metropolitan Railroad*, 149 Mass. 335, 340, applies, the defendant was bound to see that due care was used to prevent harm.

We are of opinion that the principle does apply. In some cases of blasting under an independent contract we might go no further than to hold that there was a question for the jury whether the danger was so great as to make the defendant liable. But in the case at bar the danger was so obvious that only one conclusion was possible, and the defendant did not ask to go to the jury upon this point. What he wanted was to have a verdict directed in his favor. Cases sustaining the conclusion to which we have come are *Joliet* v. *Harwood*, 86 Ill. 110; *James* v. *McMinimy*, 93 Ky. 471; *Norwalk Gaslight Co.* v. *Norwalk*, 63 Conn. 495. There are some other cases in which the subject has been approached solely from the point of view of master and servant, although not without dissent. These decisions we are

not prepared to follow. *McCafferty* v. *Spuyten Duyvil & Port Morris Railroad*, 61 N. Y. 178, 185. *Tibbetts* v. *Knox & Lincoln Railroad*, 62 Maine, 437. *Edmundson* v. *Pittsburgh, McKeesport, & Youghiogheny Railroad*, 111 Penn. St. 316. Compare *Stone* v. *Cheshire Railroad*, 19 N. H. 427; *Wright* v. *Holbrook*, 52 N. H. 120, 126.                                     *Exceptions overruled.*