SCOTT CONSTRUCTION COMPANY ET AL. *v.* COBB.

[No. 12,910. Filed January 26, 1928.]

1. MASTER AND SERVANT.—*Liability for negligence of another.*— As a general rule, one person is not liable for the acts or negligence of another unless the relation of master and servant exists between them. p. 703.

2. MASTER AND SERVANT.—*Generally, employer not liable for injury resulting from negligence of independent contractor.*— Where an injury has been inflicted by a party exercising an

independent employment, the person employing him will not, as a general rule, be liable in damages for such injury or death resulting from the wrongful acts or omissions of such person or his servants.   p. 703.

3.   MASTER AND SERVANT.—*When employer of independent contractor liable for negligence of latter.*—One who employs an independent contractor to do some work for him is liable for the negligent acts of such contractor or his servants resulting in injury to another, if the work to be done is intrinsically dangerous, where the act will create a nuisance, where the work to be done will probably cause injury to others unless due precaution is taken to avoid harm, where the work to be performed is illegal, or where the employer is by law or contract charged with a specific duty.   p. 703.

4.   MASTER AND SERVANT.—*Employer of independent contractor held liable for damage to property by blasting in highway.*— A highway contractor who sublet the work of preparing the roadbed through a hilly country covered with stone, which had to be blasted to bring the road to grade, was liable to the owner of adjoining property for damage thereto from pieces of stone thrown thereon by blasting in the highway.   p. 708.

5.   EXPLOSIVES.—*Blasting stone, thereby casting rock on surrounding property, may constitute a nuisance.*—Blasting stone in a quarry, thereby casting rock on surrounding property, was indictable at common law, and is likewise indictable under our nuisance statute.   p. 708.

6.   APPEAL.—*Error in admission or rejection of evidence not presented for review.*—Error in the admission or rejection of evidence is not presented on appeal where the record does not show that any objection was made to the action of the court or that any exception was saved thereto.   p. 709.

7.   TRIAL.—*Trial of action against two defendants without closing issues as to one not error.*—In the trial of an action against a contractor and subcontractor for damages resulting from the acts of the latter's servants, there was no error in proceeding with the trial against the contractor without closing the issues as to the subcontractor, where the record failed to show that the action was ever commenced against the latter, and especially where it did not show that appellant ever requested that the issues be closed.   p. 709.

From Martin Circuit Court; *Milton S. Hastings,* Judge.

Action by Sarah I. Cobb against the Scott Construction Company and another. From a judgment for

plaintiff, the named defendant appeals.  *Affirmed.*  By the court in banc.

*Fabius Gwin, Walker & Hollett* and *Arthur J. Iles,* for appellants.

*Carlos T. McCarty* and *Frank E. Gilkerson,* for appellee.

McMAHAN, J.—Complaint by appellee to recover damages for injuries to real and personal property, caused by taking earth and stone from her land, and for casting and throwing stone upon her land, thus injuring the land, the buildings thereon, and killing two cows which were pasturing on her land.   Appellant and George W. Gist were named in the complaint as codefendants. Gist was not served with process, did not appear and was not defaulted.   Appellant filed an answer of denial and payment.   A trial by jury resulted in a verdict and judgment against appellant for $700.

The contentions that the verdict is not sustained by sufficient evidence, and that it is contrary to law will be considered together.   In support of these contentions, appellant says that under the evidence Gist was an independent contractor; that the injuries for which appellee sued were caused by reason of the negligence of Gist; that there is no evidence that Gist was a servant of appellant; and that there is no evidence that appellant did or was the cause of any act being done which resulted in the injuries mentioned in the complaint.

The evidence discloses that the State Highway Commission and appellant had entered into a contract wherein appellant undertook to construct and complete a part of what was known as "State Highway number five," and which extended across a farm owned by appellee and located in Martin county.   The country through which this road was constructed was hilly and, on appellee's land, was to a great extent covered and

underlaid with stone which had to be blasted in order to bring the road to the necessary grade. At other places on her land, it was necessary to make fills in order to bring the road up to grade. Appellant and Gist had entered into a contract whereby the latter agreed to make all fills and cuts necessary to bring the road to grade according to the plans and specifications so that the concrete slab could be laid thereon. By the terms of this contract, appellant was to furnish the necessary "borrow pits," but all labor, material and equipment required to make the cuts and fills were to be furnished and paid for by Gist who was to receive therefor a fixed compensation. Before making this contract with Gist, appellant had entered into two contracts with appellee. One of these contracts provided that appellant could take the earth from certain places on appellee's farm for making fills on the road. The other contract gave appellant the right to make use of stone on appellee's land for making the necessary concrete. The work of constructing the road across appellee's land was commenced in the fall of 1923, and continued until sometime in the summer or fall of 1925. During the progress of the work by Gist under his contract with appellant, he opened two "borrow pits" on appellee's land at places not included in or covered by the contract between appellant and appellee. He did a large amount of blasting on the road where it crossed over appellee's land. As a result of this blasting, more than a thousand tons of stone were cast and thrown upon appellee's land, greatly injuring the same. Appellee's barn and corn cribs located about 500 feet from the road were struck by stone and damaged. One stone, weighing six or seven tons, struck the barn and after passing through the roof and floors was embedded in the ground. The house was struck by stone and damaged.

The general rule is that one person is not liable for the acts or negligence of another person, unless the relation of master and servant exists between 1, 2. them; and that where an injury has been done by a party exercising an independent employment, the person employing him will not be liable in damages for injury or death resulting from the wrongful acts or omissions of such person, or of the servants of such party. *City of Logansport* v. *Dick, Admr.* (1880), 70 Ind. 65, 36 Am. Rep. 166.

But there are many exceptions to this rule. It does not apply in the following cases: (1) Where the contract requires the performance of work intrin- 3. sically dangerous; (2) where a party is by law or contract charged with a specific duty; (3) where the act will create a nuisance; (4) where the act to be performed will probably cause injury to others unless due precaution is taken to avoid harm; and (5) where the act to be performed is illegal. *Robbins* v. *Chicago City* (1866), 4 Wall. 657, 17 L. Ed. 298; *Water Co.* v. *Ware* (1872), 16 Wall. 566, 21 L. Ed. 485; *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 67 N. E. 443, 66 L. R. A. 119; *City of Logansport* v. *Dick, Admr., supra; Peoples Gas Co.* v. *Tyner* (1891), 131 Ind. 277, 31 N. E. 59, 16 L. R. A. 443, 31 Am. St. 433; *Wright* v. *Compton* (1876), 53 Ind. 337; *Falender* v. *Blackwell* (1906), 39 Ind. App. 121, 79 N. E. 393; *Williams* v. *Fresno Canal, etc., Co.* (1892), 96 Cal. 14, 30 Pac. 961, 31 Am. St. 172; *Colgrove* v. *Smith* (1894), 102 Cal. 220, 36 Pac. 411, 27 L. R. A. 590; *City of Omaha* v. *Jensen* (1892), 35 Nebr. 68, 52 N. W. 833, 67 Am. St. 432; *James, Admr.,* v. *McMining* (1892), 93 Ky. 471, 20 S. W. 435, 40 Am. St. 200; *Louisville, etc., R. Co.* v. *Smith, Admr.* (1909), 134 Ky. 47, 119 S. W. 241; *Pine Mountain R. Co.* v. *Finley* (1909), 117 S. W. (Ky.) 413, (not officially reported); *Thompson* v.

704     APPELLATE COURT OF INDIANA,

Scott Constr. Co. v. Cobb—86 Ind. App. 699.

*Rowell, etc., St. R. Co.* (1898), 170 Mass. 577, 49 N. E. 913, 64 Am. St. 423, 40 L. R. A. 345; *Wetherbee* v. *Partridge* (1900), 175 Mass. 185, 55 N. E. 894, 78 Am. St. 486; *Pickett* v. *Waldorf System* (1922), 241 Mass. 569, 136 N. E. 64, 23 A. L. R. 1014; *Davis* v. *John L. Whiting & Sons Co.* (1909), 201 Mass. 91, 87 N. E. 199, 18 A. L. R. 782; *Woodman* v. *Metropolitan R. Co.* (1889), 149 Mass. 335, 21 N. E. 482, 4 L. R. A. 213, 14 Am. St. 427; *Rockport* v. *Rockport Granite Co.* (1901), 177 Mass. 246, 58 N. E. 1017, 51 L. R. A. 779; *Stevens* v. *Dedham* (1921), 238 Mass. 487, 131 N. E. 171; *City, etc., R. Co.* v. *Moores* (1894), 80 Md. 348, 30 Atl. 643, 45 Am. St. 345; *Engle* v. *Eureka Club* (1893), 137 N. Y. 100, 32 N. E. 1052, 33 Am. St. 692; *Railroad Co.* v. *Morey* (1890), 47 Ohio 207, 24 N. E. 269, 7 L. R. A. 701; *Smith* v. *Bank & Trust Co.* (1916), 135 Tenn. 398, 186 S. W. 465, 18 A. L. R. 788; *McHarge* v. *Newcomer* (1906), 117 Tenn. 595, 100 S. W. 700, 9 L. R. A. (N. S.) 298; *Norwalk Gas Light Co.* v. *Borough of Norwalk* (1893), 63 Conn. 495, 28 Atl. 32; *Munro* v. *Pacific, etc., Co.* (1890), 84 Cal. 515, 24 Pac. 303, 18 Am. St. 248; *Watson* v. *Mississippi, etc., Co.* (1916), 174 Iowa 23, 156 N. W. 188, L. R. A. 1916D 101; 13 N. C. C. A. 872.

We need not, and will not, enter into a discussion of all of the exceptions to the general rule. In support of the first of the above exceptions, we content ourselves by citing *Falender* v. *Blackwell, supra; City of Anderson* v. *Fleming, supra.* These cases also support the second exception. See, also, *City of Logansport* v. *Dick, Admr., supra.*

Supporting the third exception, we quote from *Peoples Gas Co.* v. *Tyner, supra,* where it is said: "It is settled that the owners of a lot may not erect and maintain a nuisance thereon whereby his neighbors are

injured. If he does so, and the injury sustained by such neighbor cannot be adequately compensated in damages, he may be enjoined."

In *Wright* v. *Compton, supra,* the court, in discussing the contention that the owner of a stone quarry was not liable for injuries caused by blasting when the work was done by an independent contractor, said: "The question involved is not one of negligence on the part of the defendants. The act charged against them is, in itself, unlawful—not the act of blasting and quarrying rock, but the act of casting fragments of rock upon the plaintiff, to his injury. When the act, in itself, is unlawful, it is immaterial whether it is done ignorantly, negligently, or purposely, except in the measure of damages. Every person must so use his property, and exercise his rights, as not to injure the property or restrict the rights of others."

And in *James, Admr.,* v. *McMining, supra,* the court said: "Where the contractee employs the contractor to do work for his benefit, which, in the ordinary mode of doing it, he, as a prudent man, has a reason to believe is a nuisance, he is liable for any injuries that may result from it to third persons. The reason of the contractee's liability is, that the contractee is liable for injuries resulting from his own unlawful act, and he cannot protect himself from such liability by employing others, under the name of independent contractors, to do the unlawful act. But where he, as a prudent man, has no reason to believe that the act contracted to be done is a nuisance, but is in itself lawful, and it turns out during the progress of the work that it is necessary to create a nuisance in order to do the work, then the contractee is not liable for injuries to third persons resulting from the nuisance before he had notice of its existence. But, in such case, upon receiving notice, it

706    APPELLATE COURT OF INDIANA,

Scott Constr. Co. v. Cobb—86 Ind. App. 699.

would be his duty to take such reasonably prompt and efficient means as are in his power to suppress the nuisance, else he will be responsible for injuries to third persons resulting from the nuisance after notice."

The work in the instant case clearly comes within the fourth exception. In *Pine Mountain R. Co.* v. *Finley, supra,* where the railroad let a contract for work on its right of way which required blasting and where the defense, as in the instant case, was that the stones were cast upon the lands of the plaintiff by the acts of an independent contractor, the court, after stating the general rule and enumerating the exceptions, recognized the rule that in many jurisdictions the question of the liability of the employer was left to the jury under proper instructions, said: "Though there might be instances where, from the nature of the contract, the character of the work to be done, and its proximity to the property of others, the court would be justified in declaring that, as a matter of law, the undertaking was so hazardous, and the probability of injury to the adjoining property so certain, as to warrant the court in saying, as a matter of law, that the employer could not excuse himself on the ground that the work was done by an 'independent contractor,' for, in such instances, he could not help but know that no degree of care on the part of the employee in the use of dynamite or other high explosives under such circumstances, and in such cases could prevent loss or damage being inflicted upon the adjoining property."

And the same court, in *Louisville, etc., R. Co.* v. *Smith, Admr., supra,* said: "In all cases where blasting is to be done upon property so near to other property that, no matter how carefully the work is done, injurious results may be expected, the employer has invariably been held liable for any damage that has resulted; and, where displays of fireworks have been given for pay, the owner

of the property has been held responsible for any resulting damage, even though the exhibition was conducted by an independent contractor. But, on the other hand, in cases of this character, where the nature of the work in which the blasting is required to be done is such that injurious results may not be reasonably expected, where the work is carefully done, then the employer has been held to be not liable."

The Supreme Court of Ohio, in *Railroad Co.* v. *Morey, supra,* said: "And we think it equally clear that the law devolves upon every one about to cause something to be done, which will probably be injurious to third persons, the duty of providing that reasonable care shall be taken to obviate those probable consequences. In this class of cases the doctrine of *respondeat superior* has no application, his liability is based upon the principle that he cannot set in operation causes dangerous to the person or property of others, without taking all reasonable precautions to anticipate, obviate and prevent those probable consequences."

In *Smith* v. *Bank & Trust Co., supra,* the Supreme Court of Tennessee, after quoting from *McHarge* v. *Newcomer, supra,* where the exceptions heretofore stated are enumerated, said: "If the owner of a lot contracts with another to erect a building upon it, and if such owner at the time of the execution or the making of such contract might have anticipated, or foreseen, that an injury would result to third persons properly and lawfully upon the streets or sidewalks adjacent to the building, as a direct and probable consequence of the performance of work on the building, if reasonable care was not taken to avoid such injury, then the owner in such case is liable for such injury, and he must see that reasonable and proper care is used to prevent an injury to persons lawfully upon the streets adjacent to the building being erected."

So, in Massachusetts, it has been frequently held that if the nature of the work is such that when injury to third persons will probably occur if proper pre-

4. cautions are not taken to guard against such injuries, the employer will be liable for the acts of the independent contractor. *Pickett* v. *Waldorf System, supra; Wetherbee* v. *Partridge, supra;* see, also, *G. B. & L. R. Co.* v. *Eagles* (1886), 9 Colo. 544, 13 Pac. 696. But we will not extend this opinion by the citation of additional authorities in support of the exception now under consideration, as it is recognized and approved in every state where the question has been presented.

Blasting stone in quarries, thereby casting rock upon surrounding property, was indictable at common law as a nuisance, and it is likewise indictable in this

5. state under our statute. *Keefer* v. *State* (1910), 174 Ind. 588, 92 N. E. 656.

In *Asheville Const. Co.* v. *Southern R. Co.* (1927), 19 Fed. (2d) 32, the appellant construction company had entered into a contract with the public authorities for the construction of a public highway, where a part of the road had to be built through the mountains, and where it was necessary to use dynamite in blasting the rock. The general contractor sublet the work for a part of the road to Bell, who in the course of the work caused rock to fall upon the track of the railroad, to its damage. The Circuit Court of Appeals, in holding both contractor and subcontractor liable for the damages, said: "There can be no doubt, we think, that where one, in the carrying on of blasting operations, throws rock or debris on the property of another, he is liable for the damage done, on the principle that he is guilty of a trespass, and quite irrespective of the question of his negligence. (Citing authorities.) And, as the referee has found that under the circumstances of the

case the blasting operations were intrinsically dangerous, it is equally well settled that the contractor is liable for the damage caused by the subcontractor."

For a well-considered case on the liability of an employer for damages by blasting where the work was done by an independent contractor, see *Watson* v. *Mississippi, etc., Co., supra.*

Appellant next complains of the admission and rejection of certain evidence, but since it does not appear that any objection was made to the action of the court in this regard, or that any exceptions were saved, no question is presented.

The amount of the recovery is well within the evidence. Indeed, appellant should consider itself fortunate that the amount of the recovery was not greatly in excess of the amount fixed by the jury in the verdict.

A careful consideration of the instructions given and refused does not disclose any reversible error.

Appellant next says the court erred in proceeding with the trial without having required appellee to close the issues as to Gist. There is no showing that appellant made any request that the issues be closed as to Gist, and there is no showing that the action was ever commenced as to Gist.

Judgment affirmed.

Dausman, J., absent.