Tony H. PAYNE, Plaintiff,

v.

J.D. LEE, Defendant.

No. CIV-3-86-688.

United States District Court,
E.D. Tennessee, N.D.

May 27, 1988.

Rom L. Meares, Maryville, Tenn., for plaintiff.

Paul D. Hogan, Jr., Knoxville, Tenn., for defendant.

## MEMORANDUM AND ORDER

EDGAR, District Judge.

This is a legal malpractice case wherein the plaintiff, Tony H. Payne, seeks damages from defendant, attorney J.D. Lee. The essence of Payne's claim against attorney Lee is that Lee negligently failed to timely file a personal injury suit for Payne.

Payne was severely injured in a March 1981 construction accident. At the time he was injured, he was an employee of an individual named Ron Tallent. Mr. Tallent had contracted with two individuals, Pat Wood and Ben Bower, to build boat docks for each of them on the Tennessee River which abutted the backyards of their respective homes. Wood and Bower were next door neighbors.

Tallent, Payne and another of Tallent's employees were turning over a section of dock when they lost control of it. The section fell on Payne thereby causing a spinal cord injury which has made him a paraplegic. Payne first sought legal help from attorney Ralph Brown. Subsequently, he dealt with Mr. Lee and members of Lee's law office. Lee agreed to pursue Payne's worker's compensation claim and to take necessary action to pursue a "third party" claim for Payne's personal injuries. After the one-year statute of limitations period had run on any third party claim Payne might have filed, Lee wrote Payne that there was, in Lee's opinion, no basis for a third party claim. Payne eventually, with the services of a third attorney, received the maximum amount of worker's compensation benefits available under state law. He also brought suit in state court against Lee for breach of contract and legal malpractice, alleging that Lee negligently failed to pursue Payne's personal injury claim. The case was tried before a jury in state court in 1985. When a mistrial was declared after the jury in that case could not reach a verdict, Payne took a voluntary nonsuit under Rule 41, Tennessee Rules of Civil Procedure. He then moved to Georgia and filed this action in federal court asserting diversity subject matter jurisdiction under 28 U.S.C. § 1332.

After presentation of the plaintiff's case, this Court on May 5, 1988 entered a directed verdict for the defendant. At that time, this Court orally placed its reasoning on the record. This memorandum will supplement the findings of fact and conclusions of law which the Court made at that time.

In a suit against an attorney for professional negligence, the plaintiff must prove by a preponderance of the evidence three things in order to recover:

(1) the employment of the attorney;

(2) neglect by the attorney of a reasonable duty;

(3) damages resulting from such neglect. *Sammons v. Rotroff,* 653 S.W.2d 740, 745 (Tenn.App.), *perm. to appeal denied* June 13, 1983, *cert. denied,* 464 U.S. 860, 104 S.Ct. 186, 78 L.Ed.2d 165 (1983). Taking the strongest legitimate view of the evidence in favor of plaintiff Payne, and allowing all inferences in his favor, *Arms v. State Farm Fire and Cas. Co.,* 731 F.2d 1245, 1248 (6th Cir.1984), this Court determines that there is no evidence from which a jury could conclude that the third element of a legal malpractice claim has been established in this case.

It is the plaintiff's theory that he had a sustainable personal injury lawsuit against Messrs. Wood and Bower because they were negligent in hiring Ron Tallent to build the docks. Thus, in order to be successful in this legal malpractice case, it was incumbent upon Payne to establish that *but for* negligence on Lee's part, the suit against Wood and Bower would have resulted in a collectible judgment in plaintiff's favor. *Woodruff v. Tomlin,* 616 F.2d 924, 936 (6th Cir.), *cert. denied,* 449 U.S. 888, 101 S.Ct. 246, 66 L.Ed.2d 114 (1980);

*Sitton v. Clements,* 257 F.Supp. 63, 67 (E.D.Tenn.1966); *Commercial Truck and Trailer Sales, Inc. v. McCampbell,* 580 S.W.2d 765, 770 (Tenn.1979); *Gay & Taylor, Inc. v. American Cas. Co.,* 53 Tenn. App. 120, 381 S.W.2d 304, 306 (1963).

The putative cause of action against Messrs. Wood and Bower is set forth in *Restatement (Second) of Torts* § 411 which reads as follows:

Negligence in selection of contractor.

An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or (b) to perform any duty which the employer owes to third persons.

Tennessee courts have recognized that there is a "duty of care to select a competent contractor to perform work contemplated by the contract." *Cooper v. Metropolitan Government, etc.,* 628 S.W.2d 30, 31 (Tenn.App.1981), *perm to appeal den.* Feb. 22, 1982.

■ Liability based on negligent engaging of an independent contractor is an exception to the general rule that one who engages an independent contractor is not liable for the torts of the independent contractor. However, when this legal theory is applied to the facts of this case, Payne cannot prevail. First of all, there is no Tennessee case holding that the duty of an "employer" to use due care in engaging an independent contractor extends to *employees* of the independent contractor. In fact, in an old case, the Tennessee Supreme Court has specifically held to the contrary. *Knoxville Iron Company v. Dobson,* 75 Tenn. 367, 372–373 (1881). *See* 41 Am.Jur. 2d *Independent Contractors* § 26. The Court would also note that in *Cooper v. Metropolitan Government,* the Tennessee Court of Appeals held that the liability of an employer contracting for the performance of "inherently dangerous work" does not extend to employees of the contractor. 628 S.W.2d at 33. A review of all the illustrations to section 411 of the *Restatement* fails to reveal any example of liability to an employee of an independent contractor on a negligent hiring theory. Nevertheless, the plaintiff contends that his legal position is vindicated by *Mooney v. Stainless, Inc.,* 338 F.2d 127 (6th Cir. 1964), *cert. denied,* 381 U.S. 925, 85 S.Ct. 1561, 14 L.Ed.2d 684 (1965), a Sixth Circuit case which has never been cited by any Tennessee court. While the Sixth Circuit in that decision recognizes section 411 of the *Restatement of Torts* as being reflected in Tennessee case law, it nevertheless concluded that liability had not been demonstrated in that case, and did not at all discuss the issue of liability to an *employee* of the independent contractor. This Court does not perceive the *Mooney* decision as precluding the result reached here.

One rationale for a rule that one who engages an independent contractor has no duty to employees of the contractor is that the employee is more likely to be in a better position to protect himself or herself than some unsuspecting third party. This is particularly evident from the facts of this case. Mr. Payne had watched these dock sections being turned over by Tallent even before he went to work for Tallent. Payne, as an employee, had previously turned over several other dock sections before being injured. He, therefore, was in a position to make a judgment as to whether his participation in turning the dock sections was safe. Moreover, as compared to Wood and Bower, he was in a much better position to prevent his injury than were they. There is no evidence that Messrs. Wood and Bower were anywhere in the vicinity of the construction—or that they knew anything whatsoever about how Tallent and his employees were building the docks.

Even assuming that Wood and Bower owed a duty to Payne, a jury could find no facts in this record to support a judgment against them. Plaintiff says that Wood and Bower were negligent because they failed to investigate what kind of contractor Mr. Tallent was. If they had investigated, they would have found that Tallent did have some construction experience. Al-

though he had not had experience as a contractor, he had been employed in the construction business. They would not have found that he was a particularly unsafe person to work with or for. There was nothing in Tallent's background that would have led Wood and Bower to believe that Tallent's inexperience would result in personal injury to someone on this job. They would not have found that Tallent could not safely build a boat dock. They would have found nothing to indicate that Tallent did not have the ability to build a boat dock. In fact, as it turned out, Tallent did indeed successfully build the boat docks which are, several years later, still in place. *See generally* comment c to section 411 of *Restatement (Second) of Torts.*

Plaintiff strongly contends that Mr. Wood, who as a real estate developer has experience in the construction industry, had a heightened obligation to employ a safe contractor. However, as pointed out above, even if Wood had checked on Tallent, such a check would have raised no red flag regarding Mr. Tallent's safety or competence to build a boat dock.

Finally, comment b to section 411 of *Restatement (Second) of Torts* reads as follows:

> The employer of a negligently selected contractor is subject to liability under the rule stated in this Section for physical harm caused by his failure to exercise reasonable care to select a competent and careful contractor, but only for such physical harm as is so caused. In order that the employer may be subject to liability it is, therefore, necessary that harm shall result from some quality in the contractor which made it negligent for the employer to entrust the work to him. Thus, if the incompetence of the contractor consists in his lack of skill and experience or of adequate equipment but not in any previous lack of attention or diligence in applying such experience and skill or using such equipment as he possesses, the employer is subject to liability for any harm caused by the contractor's lack of skill, experience, or equipment, but not for any harm caused solely by

the contractor's inattention or negligence.

It may be in this case that a jury could find that Mr. Tallent was negligent or inattentive in trying to turn over a heavy dock in gusty winds. But that action has nothing to do with his skill as a carpenter. It cannot be said that Wood and Bower, even if they had learned that Tallent was not a master carpenter, should have anticipated that Tallent's lack of carpentry skills would have resulted in this injury to the plaintiff. It is simply unreasonable to expect Wood and Bower to have foreseen that three men would be turning over a heavy dock in an unsafe manner, resulting in serious injury to an employee of the contractor.

Therefore, even if Mr. Lee had fully investigated and filed the personal injury lawsuit for Mr. Payne against Messrs. Wood and Bower, that suit would not have been successful. Because Mr. Payne has not been damaged in any way by the failure of Mr. Lee to file such a lawsuit, his legal malpractice claim must, therefore, of necessity fail. For this reason, the defendant's motion for directed verdict must be, and hereby is, GRANTED.

SO ORDERED.