**Max BAGLEY, Guardian of the Estate of Richard Bagley, Appellant–Plaintiff Below,**

v.

**INSIGHT COMMUNICATIONS CO., L.P., d/b/a Insight Cablevision Steve Crawford and Sam Friend, Appellee–Defendant Below.**

**No. 29A02–9208–CV–365.**

Court of Appeals of Indiana, Third District.

Nov. 15, 1993.

Russell T. Clarke, Jr., Emswiller, Williams, Noland & Clarke, P.C., Indianapolis, for appellant.

Reid Nelson, Hume Smith Geddes & Green, Karl L. Mulvaney, Paul J. Knapp, Bingham Summers Welsh & Spilman, Indianapolis, for appellee.

STATON, Judge.

Max Bagley ("Bagley"), Guardian of the Estate of Richard Bagley ("Richard"), appeals from the trial court's entry of summary judgment in favor of Insight Communication Co. ("Insight") and Steve Crawford ("Crawford"). Bagley presents two issues for our review:[1]

I. Whether genuine issues of material fact exist as to whether Insight and Crawford negligently hired an incompetent subcontractor.

II. Whether Crawford breached an assumed duty to provide insurance for Richard's injuries.

We affirm.

The facts most favorable to the nonmoving party (Bagley) reveal that Insight is a cable television company serving counties north and east of Marion County. Crawford was an independent contractor who installed cable television for Insight. Crawford also engaged another independent contractor, Sam Friend ("Friend"), to install cable for Insight. Richard was an employee of Friend.

On January 26, 1988, Richard was severely injured while installing cable with Friend. Richard was standing near a ladder that Friend was on when the ladder slipped from beneath Friend. Friend fell onto Richard, and Richard's head was driven into a ground rod that they had installed. Richard sustained permanent brain damage.

Bagley, acting as the guardian of Richard's estate, filed suit against Insight, Crawford and Friend. Bagley alleged that Insight and Crawford had negligently selected an incompetent subcontractor and were therefore liable for Friend's negligence. Bagley asserted that Friend negligently used the ladder and that Crawford and Insight were liable for not determining that Friend knew how to use a ladder safely. Bagley also claimed that Crawford was required to have insurance to cover Richard's injuries pursuant to his contract with Insight. Both Insight and Crawford moved for summary judgment. After a hearing on the motions, the trial court entered summary judgment in favor of Insight and Crawford.

I.

*Negligence in Hiring Subcontractor*

Bagley argues that Insight and Crawford are liable for the negligence of Friend because they negligently selected him to install cable without determining that he was competent. Insight and Crawford respond that they owed no duty to Richard and that the undisputed evidence shows that they were not negligent in using Friend. We conclude that summary judgment was properly entered against Bagley.

When reviewing the entry of summary judgment, we stand in same position as the trial court and consider the same issue: whether the moving party has carried its burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Jordan v. Deery* (1993), Ind., 609 N.E.2d 1104. We consider the evidence designated to the trial court by the parties in the light most favorable to the nonmoving party. *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431. Once the moving party has carried its burden, the burden shifts to the nonmoving party to establish the existence of a genuine is-

---

**1.** Bagley articulated a third issue for appellate review, i.e., "whether there is a genuine issue of material fact as to whether Insight and Crawford breached their duty to provide proper safety procedures." Appellant's brief, p. 1. However, Bagley did not designate this issue to the trial court in his motion in opposition to summary judgment. Pursuant to Ind.Trial Rule 56(H), an issue first raised on appeal following the grant of summary judgment may not form the basis for reversal on appeal.

sue of material fact, or conflicting inference arising from undisputed evidence. *Midwest Commerce Banking Co. v. Livings* (1993), Ind.App., 608 N.E.2d 1010.

As a general rule, an individual is not liable for the acts or negligence of another unless the relationship of master and servant exists between them; so, when a party exercising independent employment causes injury to another, the person employing that party will not be liable for injuries resulting from that party's acts or omissions. *Ramon v. Glenroy Const. Co.* (1993), Ind.App., 609 N.E.2d 1123, *trans. denied; Perry v. Northern Ind. Pub. Serv. Co.* (1982), Ind.App., 433 N.E.2d 44, *trans. denied; see also Prest–O–Lite Co. v. Skeel* (1914), 182 Ind. 593, 106 N.E. 365. Therefore, a contractor is ordinarily not responsible for injuries to employees of its negligent independent subcontractors. *Ramon, supra; Lewis v. Lockard* (1986), Ind.App., 498 N.E.2d 1024, *trans. denied.*

A number of exceptions to the general rule of non-liability have been developed over the years. Courts have imposed a duty for the benefit of third persons when a contract requires the performance of intrinsically dangerous work; when a party is charged by law or by contract with a specific duty; when the act will create a nuisance; when the act to be performed will probably cause injury to others unless due care is taken to avoid harm; when the act to be performed is illegal; or when a party by its conduct has assumed a duty of care. *See Ramon, supra; Perry, supra.*

Bagley has not asserted that Insight or Crawford are responsible due to any of the foregoing exceptions. Rather, he requests that we apply the doctrine that a principal may be liable for the torts of a hired independent contractor if the consequences of the negligent failure to select a competent contractor cause the harm upon which a suit is based.

This doctrine of negligent hiring of an independent contractor has received acceptance in several states. *See Payne v. Lee* (E.D.Tenn.1988), 686 F.Supp. 677; *Ray v. Schneider* (1988), Conn.App., 548 A.2d 461; *Sullivan v. St. Louis Station Associates*

(1989), Mo.App., 770 S.W.2d 352; *Restatement* (Second) of Torts § 411. The Federal Court of Appeals for the Seventh Circuit has opined that Indiana has also recognized the doctrine. *Stone v. Pinkerton Farms, Inc.* (7th Cir.1984), 741 F.2d 941; *Hixon v. Sherwin–Williams Co.* (7th Cir.1982), 671 F.2d 1005. Both *Stone* and *Hixon* relied upon our supreme court's opinion in *Board of Commissioners of Wabash County v. Pearson* (1889), 120 Ind. 426, 22 N.E. 134 (hereinafter *Wabash*) to support their conclusions.

Our supreme court in *Wabash* considered an action against a county for its failure to maintain a public bridge. One count of the action alleged that the county knowingly selected incompetent contractors to repair the bridge who negligently left the bridge in an unsafe condition. In response to the county's attack on the count, the supreme court concluded:

"If a public corporation knows that a bridge or highway is unsafe because of the need of repairs, and it undertakes to repair, it must exercise ordinary care and skill. If, as is here charged, the corporation knew when it employed persons to make the repairs that they were incompetent, it did not exercise ordinary care. A corporation charged with the duty of keeping a bridge in repair must select the proper means and persons to do the work, if by the exercise of ordinary care such a selection can be made. If, however, ordinary care is used in selecting suitable persons, and in requiring the persons selected to exercise their skill with reasonable prudence and diligence, the bridge still remains unsafe, there will be no liability. *City of North Vernon v. Voegler*, 103 Ind. 314 [2 N.E. 821]. But here the averments are that the corporation knew that the persons selected were incompetent and knew that their work was so unskillfully and negligently done as to leave the bridge in an unsafe condition, and there is, therefore, a liability for the injury which resulted from this negligent breach of duty."

*Wabash, supra* at 429, 22 N.E. at 135.

Recently, in *Detrick v. Midwest Pipe & Steel, Inc.* (1992), Ind.App., 598 N.E.2d

1074, this court relied upon *Stone, supra,* to conclude that Indiana had adopted the negligent selection of a subcontractor exception to the general rule of non-liability in independent contractor situations. However, this court did not impose liability under this doctrine in *Detrick* because the plaintiff had not established proximate cause.

In the instant case, Bagley has failed to demonstrate that he would be entitled to relief under the negligent hiring of independent contractors doctrine. We observe that in *Ray, supra,* the Connecticut Court of Appeals concluded that the vicarious liability imposed by the doctrine extends to injuries sustained by the general public, but that it was inapplicable to employees of the contractor. The federal court in *Payne, supra,* noted that "a review of all the illustrations to Section 411 of the *Restatement* fails to reveal any example of liability to an employee of an independent contractor on a negligent hiring theory." *Payne, supra,* at 679. Therefore, Bagley's claims on behalf of Richard do not fall within the scope of the doctrine.

Also, Bagley has failed to present evidence which could support a conclusion that Friend was incompetent. It has been determined that a single incidence of negligence is insufficient to prove incompetence for purposes of the negligent hiring of independent contractors doctrine. *See Sullivan, supra.* As Bagley has alleged only one instance of negligence by Friend, his complaint is insufficient to support liability under the doctrine.

Further, the facts do not show that Friend believed he needed training in the use of a ladder. At his deposition, Friend testified:

"Q. Did you feel as though you needed training from Steve as to using the ladder?

A. I didn't really think about it at the time.

Q. *In retrospect* do you think you needed it?

A. Probably *now* I do.

Q. Now you do?

A. Yeah, I mean *after it happened,* probably.

Q. But you'd used a ladder before when you were growing up on the farm?

A. Yeah."

Record, pp. 561–62 (emphasis added).

Friend's opinion, in hindsight, that he needed training is irrelevant to the question of whether Crawford was negligent in hiring Friend before the accident. Bagley has not presented any evidence that Friend had a poor safety record, or was otherwise incompetent, other than the single accident involving Richard. The evidence before the trial court showed that Crawford knew Friend had worked for another cable company installing cable. Record, pp. 723, 725. As the court in *Hixon, supra,* recognized, a principal has no duty to quiz a contractor concerning the details of the contractor's experience. Thus, Bagley has failed to establish the existence of any facts that would demonstrate that Friend was incompetent or that any effort by Crawford to determine Friend's competence would have avoided the accident. *See Payne, supra; Sullivan, supra.*

We therefore conclude that, even if we imposed a duty to hire a competent independent contractor on Crawford or Insight, the trial court properly entered summary judgment because Bagley did not disgorge sufficient evidence to establish that Crawford or Insight breached that duty by hiring Friend.

## II.

### *Insurance Coverage*

Bagley asserts that Crawford's contract with Insight required Crawford to maintain insurance coverage for the employees of his subcontractors; therefore, Crawford should be liable for Richard's injuries. Crawford replies that the contract did not impose any such duty on him, and that any breach of such a duty was not the proximate cause of Richard's injuries. We conclude that no liability is imposed on Crawford.

Assuming, without deciding, that Crawford owed some contractual duty to provide insurance, even Bagley admits that the breach of such a duty would not satisfy the traditional requirement of proximate cause, which is ordinarily required before liability will be imposed.

The Seventh Circuit, in *Stone, supra,* considered and rejected such an argument, concluding that a lack of insurance has no causal connection to negligence. *Stone, supra,* at 947. *See also Detrick, supra,* at 1081. We decline Bagley's invitation to modify the requirement of proximate causation in negligence actions. Since Crawford's failure to have insurance did not proximately cause Richard's injuries, Crawford is not liable for those injuries.

Judgment affirmed.

HOFFMAN, J., concurs in results & files separate opinion in which SHIELDS, J., concurs.

HOFFMAN, Judge, concurring in result.

I concur in result.

I do not agree that Indiana has adopted the doctrine of negligent hiring of an independent contractor.

Indiana follows the general rule that an individual is not liable for the acts or negligence of another unless the relationship of master and servant exists between them, and where an injury has been done by a party exercising an independent employment, the person employing that party will not be liable for injuries resulting from that party's wrongful acts or omissions. *Perry v. Northern Ind. Public Serv. Co.* (1982), Ind.App., 433 N.E.2d 44, 46. Therefore, a general contractor is not liable for injuries to employees of its negligent subcontractor. *Lewis v. Lockard* (1986), Ind. App., 498 N.E.2d 1024, 1027. Five exceptions to this general rule were originally enumerated in *Scott Constr. Co. v. Cobb* (1928), 86 Ind.App. 699, 159 N.E. 763:

"(1) Where the contract requires the performance of work intrinsically dangerous; (2) where a party is by law or contract charged with a specific duty; (3) where the act will create a nuisance; (4) where the act to be performed will probably cause injury to others unless due precaution is taken to avoid harm; and (5) where the act to be performed is illegal."

*Id.,* at 703, 159 N.E. at 765.

I do not agree that *Board of Commissioners of Wabash County v. Pearson* (1889), 120 Ind. 426, 22 N.E. 134, stands for the proposition that Indiana has adopted the doctrine of negligent hiring of an independent contractor. *See Detrick v. Midwest Pipe & Steel, Inc.* (1992), Ind.App., 598 N.E.2d 1074, 1081. Rather, in *Wabash* the public corporation was charged with the specific duty of maintaining a safe bridge, and, therefore, *Wabash* more appropriately fits under the well-recognized exception pertaining to situations where a party is charged with a nondelegable duty by law or contract. *See Wabash* at 429, 22 N.E. at 135. In all other matters I concur.

SHIELDS, J., concurs.