**Max BAGLEY, Guardian of the Estate of Richard A. Bagley, Appellant (Plaintiff Below),**

v.

**INSIGHT COMMUNICATIONS CO., L.P., d/b/a Insight Cablevision, Steve Crawford, and Sam Friend, Appellees (Defendants Below).**

No. 29S02–9512–CV–1341.

Supreme Court of Indiana.

Dec. 7, 1995.

Russell T. Clarke, Jr., Emswiller, Williams, Nolan & Clarke, P.C., Indianapolis, for Appellant Max Bagley.

Robert W. Geddes, Edward F. Harney, Jr., Hume, Smith, Geddes & Green, Indianapolis, for Appellee Insight Communications.

Karl L. Mulvaney, Paul J. Knapp, Nana Quay–Smith, Bingham Summers Welsh & Spilman, Indianapolis, for Appellee Steve Crawford.

DICKSON, Justice.

May an independent contractor's employee, injured on the job as a result of the contractor's conduct, recover damages from a party who negligently hired the contractor, notwithstanding the general rule that one who uses an independent contractor will not be liable for the acts of that contractor? We grant transfer to address this question.

On January 26, 1988, Richard Bagley suffered severe brain and head injuries while working as an employee of Sam Friend, a subcontractor for Steve Crawford, a television cable installer. Crawford, in turn, was functioning as a subcontractor for Insight Communications Co., L.P. ("Insight), a central Indiana cable television company. A damages action based upon various theories of liability was brought on behalf of Bagley against Insight, Crawford, and Friend. The trial court entered summary judgment in favor of Insight and Crawford. The Court of Appeals affirmed in a divided opinion.[1] *Bagley v. Insight Communications Co.* (1993), Ind.App., 623 N.E.2d 440.

Plaintiff Bagley's appeal asserts that summary judgment was improperly granted be-

---

1. The division occurred on the issue of whether Indiana had recognized an exception (for negligent selection of a subcontractor) to the general rule of non-liability in independent contractor situations. The lead opinion, authored by Judge Staton, asserted that Indiana had adopted this exception but concluded that the plaintiff had failed to establish sufficient facts to survive summary judgment. *Bagley,* 623 N.E.2d at 444. Concurring in result, Judge Hoffman, joined by Judge Shields, found that Indiana had *not* "adopted the doctrine of negligent hiring of an independent contractor." *Id.* at 445.

cause disputed factual issues existed as to: (a) whether Insight and Crawford were negligent in hiring a subcontractor; (b) whether Insight and Crawford breached a duty to provide proper safety procedures; and (c) whether Insight and Crawford had assumed a duty to provide insurance to cover Bagley's injuries. With respect to the latter two questions, we summarily affirm the opinion of the Court of Appeals, which rejected these claims of error. *See* Ind.Appellate Rule 11(B)(3). In order to address Bagley's contention that summary judgment was improper as to the remaining negligent hiring issue, we first consider the viability of his theory of liability, the question which divided the Court of Appeals.

■ In Indiana, the long-standing general rule has been that a principal is not liable for the negligence of an independent contractor. *Prest-O-Lite Co. v. Skeel* (1914), 182 Ind. 593, 597, 106 N.E. 365, 367; *City of Logansport v. Dick* (1880), 70 Ind. 65, 78. However, five exceptions have been recognized for more than half a century. *See, e.g., Bogard v. Mac's Restaurant* (1988), Ind.App., 530 N.E.2d 776; *Denneau v. Indiana & Michigan Elec. Co.* (1971), 150 Ind.App. 615, 277 N.E.2d 8; *Scott Constr. Co. v. Cobb* (1928), 86 Ind.App. 699, 703, 159 N.E. 763. The exceptions are: (1) where the contract requires the performance of intrinsically dangerous work; (2) where the principal is by law or contract charged with performing the specific duty; (3) where the act will create a nuisance; (4) where the act to be performed will probably cause injury to others unless due precaution is taken; and (5) where the act to be performed is illegal. *Perry v. Northern Ind. Pub. Serv. Co.* (1982), Ind.App., 433 N.E.2d 44, 47.

The plaintiff contends that, in addition to these exceptions, Indiana courts will impose liability for the negligent hiring of an independent contractor. He argues that summary judgment was improper because a gen-

uine issue of fact exists as to whether Crawford was negligent in the hiring of subcontractor Friend. Defendant Crawford agrees that Indiana courts have recognized actions for negligent hiring but urges that the duty to use reasonable care in hiring does not extend to protect the employees of an incompetent contractor.[2] Defendant Insight contends that Indiana has not recognized, and should not permit, a cause of action for the negligent hiring of an independent contractor.

The assertions by the plaintiff and Judge Staton that the doctrine of negligent hiring represents an additional exception to the rule of non-liability of independent contractors are primarily based upon two Indiana appellate decisions, *Board of Comm'rs of Wabash County v. Pearson* (1889), 120 Ind. 426, 22 N.E. 134, and *Detrick v. Midwest Pipe & Steel, Inc.* (1992), Ind.App., 598 N.E.2d 1074, and find further support in two cases from the United States Court of Appeals for the Seventh Circuit, *Stone v. Pinkerton Farms, Inc.* (7th Cir.1984), 741 F.2d 941, and *Hixon v. Sherwin–Williams Co.* (7th Cir.1982), 671 F.2d 1005. All three of the latter cases either rest directly upon, or can be traced back to, *Pearson*.

From the facts set forth in the *Pearson* opinion, it appears that the plaintiff sought damages for injuries, alleging that the defendant, the Wabash County Board of Commissioners, "knew when it employed persons to make the repairs that they were incompetent" and "knew that the work was so unskillfully and negligently done as to leave the bridge in an unsafe condition." *Pearson*, 120 Ind. at 429, 22 N.E. at 135. The *Pearson* court stated, "A corporation charged with the duty of keeping a bridge in repair must select the proper means and persons to do the work, if by the exercise of ordinary care such a selection can be made." *Pearson*, 120 Ind. at 429, 22 N.E. at 135. *Pearson* did not create a new doctrine of tort liability for the

---

**2.** In Crawford's initial appellate brief, he "agrees that in certain instances where safety of the public is impinged, courts, including Indiana, have recognized a right to pursue negligence in hiring as a theory of recovery." Brief of Appellee Steve Crawford at 27. However, in his Brief in Opposition to Transfer, Crawford notes "that it is not clear that the Court of Appeals believed that the negligent hiring doctrine was recognized in Indiana at all," but argues that if such doctrine exists, it does not protect employees of the negligent subcontractor. Brief in Opposition to Transfer by Appellee Steve Crawford at 18.

negligent hiring of an independent contractor but rather permitted an action for the breach of a non-delegable duty imposed by law. *See* Burns Rev.Stat. § 2892 (1881) (requiring the county's Board of Commissioners to maintain public bridges.) To the extent that it may be considered as implicating the general principle of non-liability for torts of an independent contractor, the holding in *Pearson* does not create a new exception but merely reflects the second of the five established exceptions—where the principal is charged with the specific duty by law or contract.

Other early Indiana cases similarly noted a responsibility on the part of a county or municipality to exercise reasonable care in the selection of persons to repair bridges and streets, not as a separate and discrete common-law duty or as an exception to a general rule of non-liability for torts of independent contractors, but rather as an obligation arising from specific governmental duties with respect to public travel. *See City of Indianapolis v. Cauley* (1905), 164 Ind. 304, 309–10, 73 N.E. 691, 693–94; *Park v. Board of Comm'rs* (1892), 3 Ind.App. 536, 539–40, 30 N.E. 147, 148; *Board of Comm'rs v. Chipps* (1892), 131 Ind. 56, 64, 29 N.E. 1066, 1069.

As correctly observed by Judge Staton's lead opinion in the present case, the theory of tort liability for the negligent hiring of an independent contractor has received acceptance in several states and is reflected in Section 411 of the *Restatement (Second) of Torts*.[3] *Bagley*, 623 N.E.2d at 443. We are in agreement with the basic concepts embodied in Section 411, and we find that these are subsumed in the existing exceptions to the rule of non-liability for the conduct of independent contractors.

Both Indiana's non-liability rule exceptions and Section 411 identify circumstances in which sound legal policy requires the maintenance of personal responsibility through the recognition of certain duties of care. The duties associated with Indiana's five exceptions are considered non-delegable, and an employer will be liable for the negligence of the contractor, because the responsibilities are deemed "so important to the community" that the employer should not be permitted to transfer these duties to another. *Cummings v. Hoosier Marine Properties, Inc.* (1977), 173 Ind.App. 372, 385, 363 N.E.2d 1266, 1274–75. Similarly, Restatement Section 411 recognizes that an employer is responsible to exercise reasonable care in the hiring of a contractor under certain circumstances. We find the general policies of Section 411 to be already embodied in the existing exceptions to the non-liability rule, and we decline to recognize Section 411 as creating a new, independent cause of action. However, an employer of an independent contractor may be subject to liability for personal injuries caused by the employer's failure to exercise reasonable care to employ a competent and careful contractor when one of the five exceptions to the rule on non-liability for the torts of independent contractors is applicable.

The plaintiff's action confronts not only the requirement of falling within one of the five exceptions but also the defendants' contention that these exceptions apply only to claims brought by third parties—not the employees of independent contractors.

■ We acknowledge that several decisions of our Court of Appeals have restricted the application of the exceptions to benefit only "third persons and not servants actually involved in doing the work which results in the injuries." *Hale v. Peabody Coal Co.* (1976), 168 Ind.App. 336, 346, 343 N.E.2d 316, 324. *See also Louisville Cement Co. v. Mumaw* (1983), Ind.App., 448 N.E.2d 1219, 1222; *Johns v. New York Blower Co.* (1982), Ind.App., 442 N.E.2d 382, 388. The Court of Appeals has based this restrictive application upon the presence of worker's compensation benefits, *Johns*, 442 N.E.2d at 388, and the likelihood that workers are more aware than third persons of the dangers associated with

**3.** Section 411 provides:

An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor

    (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or
    (b) to perform any duty which the employer owes to third persons.
Restatement (Second) of Torts § 411 (1965).

the work. *Mumaw,* 448 N.E.2d at 1222. We disagree, however, and conclude that such restriction of the exceptions to exclude injured workers is contrary to the purpose of the exceptions and is not compelled by their underlying policy concerns.

As noted above, the five exceptions represent specific, limited situations in which the associated duties are considered non-delegable because public policy concerns militate against permitting an employer to absolve itself of all further responsibility by transferring its duties to an independent contractor. *Cummings,* 173 Ind.App. at 385, 363 N.E.2d at 1274–75. The exceptions encourage the employer of the contractor to participate in the control of work covered by the exceptions in order to minimize the risk of resulting injuries. Our objective is no less to protect workers who may be exposed to such risks than it is to protect non-employee third parties. The fact that partial remuneration through worker's compensation benefits may be available to an employee of an independent contractor does not diminish the policy rationale of providing an additional incentive to eliminate or minimize particular risks of injuries which arise from non-delegable duties. Where a contractor's employer is responsible for a non-delegable duty, the contractor's injured worker should not discriminately be deprived of access to full compensatory damages but should have recourse equal to that of an injured bystander. Likewise, to the extent that an injured worker's awareness of a job-related risk may be greater than that of a non-worker, substantial fairness and equal treatment are ensured because in a worker's action against the contractor's employer, any incurred risk on the part of a worker will be treated as "fault" and will be reflected in a proportionately reduced damages award under our comparative fault statute. *See* Ind.Code §§ 34–4–33–2 to –3. We hold, therefore, that Richard Bagley's status when injured as an employee of an independent contractor does not deprive him of the right to seek application of one or more of the five exceptions to the rule of non-liability for the torts of an independent contractor.

■ The nature of the plaintiff's claim in the present case qualifies for possible consideration only under the fourth exception— where the act to be performed by the independent contractor will probably cause injury to others unless due precaution is taken. The essence of this exception is the foreseeability of the peculiar risk involved in the work and of the need for special precautions. *Cummings,* 173 Ind.App. at 387, 363 N.E.2d at 1275. The exception applies where, at the time of the making of the contract, a principal should have foreseen that the performance of the work or the conditions under which it was to be performed would, absent precautionary measures, probably cause injury. *See id.; Jones v. Indianapolis Power and Light Co.* (1973), 158 Ind.App. 676, 690, 304 N.E.2d 337, 346; *Denneau,* 150 Ind.App. at 621, 277 N.E.2d at 12.

■ Application of this fourth exception to the plaintiff's claim thus requires an examination of whether, at the time Friend was employed as an independent contractor, there existed a peculiar risk which was reasonably foreseeable and which recognizably called for precautionary measures. The undisputed facts of the accident are that Bagley was injured as he was hammering a rod into the ground near a ladder on which Friend was working. The ladder slipped on snow and ice, and Friend landed on Bagley, driving Bagley's head down onto the protruding rod.

The facts of the incident being undisputed, the issue is whether, as a matter of law, Insight or Crawford should have foreseen that the performance of the work for which Friend was ultimately hired would probably cause injury absent due precaution, so as to qualify for the fourth exception. We hold that the requirements of the fourth exception are not satisfied. At the time the contracts were made, the delegated work did not present the peculiar probability that an injury such as Bagley's would result unless precautionary measures were taken, and the employers could not have been expected to foresee the sort of injury which actually occurred. Because the fourth exception to the general rule of non-liability for the torts of independent contractors is inapplicable here,

the general rule applies, and the plaintiff's claim must fail.

Transfer is granted, the opinion of the Court of Appeals is vacated, and the trial court's entry of summary judgment is affirmed.

DeBRULER, SULLIVAN and SELBY, JJ., concur.

SHEPARD, C.J., concurs with separate opinion.

SHEPARD, Chief Justice, concurring.

I fully join the Court's opinion, pausing only to observe explicitly what the opinion holds implicitly—that whether one of the five exceptions to the general rule of non-liability exists in a particular case can be a legal question resolved through summary judgment, depending on the facts before the trial court. I agree with Justice Dickson's conclusion that summary judgment should be sustained here because "[a]t the time the contracts were made, the delegated work did not present the peculiar probability that an injury such as Bagley's would result unless precautionary measures were taken, and the employers could not have been expected to foresee the sort of injury which actually occurred."