RED ROOF INNS, INC. and John Heim (a/k/a Heinz), Appellants–Defendants,

v.

Michael S. PURVIS, Appellee–Plaintiff.

No. 48A02–9707–CV–438.

Court of Appeals of Indiana.

March 9, 1998.

Pamela A. Paige, Smith & Wade Indianapolis, for appellants-defendants.

Leslie Craig Henderzahs, Church Church Hittle & Antrim, Noblesville, for appellee-plaintiff.

## OPINION

KIRSCH, Judge.

Red Roof Inns, Inc. ("Red Roof Inns"), a corporation registered in Indiana, and its employee John Heim[1] (collectively "Red Roof") bring this interlocutory appeal from the trial court's denial of Red Roof's two motions for summary judgment on Michael S. Purvis' claim for the negligent hiring of an independent contractor. Purvis was injured when he fell from a motel roof being repaired by his employer, Reichart Building and Remodeling, Inc. (Reichart), an independent contractor hired by Red Roof Inns. At issue is whether Red Roof owed a non-delegable duty to Purvis based on the performance of an act that would probably cause injury to others unless due precaution is taken.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

In November of 1992, Red Roof Inns entered into a contract with Reichart for the re-roofing of an inn located in Richmond, Virginia. Reichart worked exclusively for Red Roof Inns and, during 1992, had completed twenty-two projects for the corporation. The contract provides that Reichart is responsible for compliance with "[a]ll state, local, and OSHA codes and requirements." *Record* at 54.

On December 9, 1992, Purvis, who had been employed by Reichart for approximately nine months, was assisting his immediate supervisor, Jay Reichart, in placing a tarpaulin over exposed wood which was later to be re-shingled. The procedure involved nailing boards along the edge of the roof to hold the tarpaulin in place. No netting, harnesses or other personal protective equipment was used. Purvis alleges that, at Jay Reichart's command, he walked across the tarpaulin to get a board, slipped and fell some thirty feet to the ground, sustaining serious injuries.

Purvis filed suit against Red Roof Inns, Jay Reichart, and Reichart, the business entity.[2] Purvis also named as a defendant John Heim, Red Roof Inns' project manager, both in his individual capacity and in his capacity as an employee of Red Roof Inns. In Count I of his complaint, Purvis claims that Red Roof supervised Reichart's work and failed to ensure that appropriate safety devices were in place. In Count II, he avers that Red Roof negligently hired its employee John Heim.

Red Roof filed a motion for summary judgment in response to the original complaint. In a January 8, 1997 order, the trial court granted the motion on Purvis' claim against John Heim individually and denied the motion on the claims against Red Roof Inns and John Heim in his employed capacity. Meanwhile, Purvis had amended his complaint to aver negligence in the hiring of Reichart, the independent contractor.

Red Roof then moved for partial summary judgment on the issue of negligent hiring. In a "Memorandum Decision" dated May 7, 1997, the trial court denied Red Roof's motion for partial summary judgment, finding that evidence and inferences from that evidence support a conclusion that Red Roof owed a duty to Purvis to select a competent contractor.[3]

---

1. The defendant is named "John Heinz" in the pleadings; however, other parts of the Record show that the defendant's surname is "Heim." Thus, we use the name "John Heim" throughout this opinion.

2. Both Jay Reichart and his corporation, Jay Reichart Building and Remodeling, Inc., were dismissed from the suit for lack of subject matter jurisdiction. *Supplemental Record* at 156–57.

3. Our review of this case was greatly assisted by the trial court's entry of its Memorandum Decision which clearly expressed the court's reasons for denying Red Roof's motion for partial sum-

Red Roof filed its Petition for Certification of Appeal of Interlocutory Order and For Stay of Proceedings Pending Appeal. The trial court certified both the January 8, 1997 and May 7, 1997 orders[4] after which this court accepted jurisdiction of the appeal pursuant to Indiana Appellate Rule 4(B)(6).

## DISCUSSION AND DECISION

### Standard of Review

The purpose of summary judgment is to end litigation about which there can be no factual dispute and which may be determined as a matter of law. *Sizemore v. Arnold,* 647 N.E.2d 697, 698 (Ind.Ct.App.1995). When reviewing a decision on a summary judgment motion, this court applies the same standard as does the trial court. *Wickey v. Sparks,* 642 N.E.2d 262, 265 (Ind.Ct.App.1994), *trans. denied* (1995). Thus, we are not bound by the findings and conclusions entered by the trial court when ruling on a motion for summary judgment as we base our decision upon the Trial Rule 56(C) materials properly presented to the trial court. *Campbell v. Spade,* 617 N.E.2d 580, 582–83 (Ind.Ct.App.1993). Summary judgment shall be granted if the designated evidentiary matter demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Wickey,* 642 N.E.2d at 265. In determining whether summary judgment is appropriate, all facts and reasonable inferences must be construed against the moving party. *Wickey,* 642 N.E.2d at 265.

Purvis' claim against Red Roof sounds in negligence. The tort of negligence consists of the following elements: 1) a duty owed to the plaintiff by the defendant; 2) a breach of that duty by the defendant; and 3) injury to the plaintiff proximately caused by that breach. *Id.* The defendant may obtain summary judgment in a negligence action by demonstrating that the undisputed material facts negate at least one element of the plaintiff's claim. *Ramon v. Glenroy Constr. Co.,* 609 N.E.2d 1123, 1128 (Ind.Ct.App.1993), *trans. denied.*

### Negligent Hiring of an Independent Contractor

Purvis argues that Red Roof is liable because it hired Reichart, the independent contractor, knowing that Reichart failed to use safety equipment while performing roofing work. Red Roof counters that it does not owe Purvis a duty. The question of whether the law recognizes such an obligation is a legal one for the court. *Id.*

Our supreme court recently considered the question of duty in the context of the tort, negligent hiring of an independent contractor, as defined in Section 411 of the Restatement (Second) of Torts ("Restatement").[5] *Bagley v. Insight Communications, Co., L.P.,* 658 N.E.2d 584, 587 (Ind.1995). The court reiterated the general rule that a principal is not liable for the negligence of an

---

mary judgment on the claim of negligent hiring of an independent contractor.

4. Because the trial court certified both orders, the allegations of the original complaint are before this court. With some difficulty we identify several legal theories on which Purvis relies therein. First, Purvis asserts that Red Roof Inns was negligent in hiring its employee John Heim. The designated evidence does not support a cause of action based upon this allegation. In his brief, Purvis includes other theories: the contractual undertaking of duties regarding safety and the gratuitous assumption of a duty to provide safety devices. *Appellee's Brief* at 19. Construing the facts and inferences in a light favorable to Purvis, the designated evidence does not support a finding that Red Roof Inns or Heim owed Purvis a duty under either of these theories.

5. Section 411, entitled "Negligence in Selection of Contractor," provides:

"An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor

(a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or

(b) to perform any duty which the employer owes to third persons."

RESTATEMENT (SECOND) OF TORTS § 411, at 376 (1965). A "competent and careful contractor" is defined as:

"[A] contractor who possesses the knowledge, skill, experience, and available equipment which a reasonable man would realize that a contractor must have in order to do the work which he is employed to do without creating unreasonable risk of injury to others, and who also possesses the personal characteristics which are equally necessary."

*Id.* cmt. a, at 376–77.

independent contractor and then recognized the following five exceptions to the general rule of nonliability:

> "(1) where the contract requires the performance of intrinsically dangerous work;
>
> (2) where the principal is by law or contract charged with performing the specific duty;
>
> (3) where the act will create a nuisance;
>
> (4) where the act to be performed will probably cause injury to others unless due precaution is taken; and
>
> (5) where the act to be performed is illegal."

*Id.* at 586. These exceptions were described as "specific, limited situations in which the associated duties are considered non-delegable" because of public policy concerns. *Id.* at 588.

■ While the supreme court agreed with the basic concepts embodied in Section 411, negligent hiring of an independent contractor, it declined to recognize a new independent tort, deciding instead that the basic concepts were "subsumed" in the five existing exceptions to the general rule of nonliability. *Id.* at 587. Thus, one who hires an independent contractor may be liable for the failure to exercise reasonable care to employ a competent and careful contractor only when there is a non-delegable duty based upon at least one of the five exceptions. When an independent contractor's employer is responsible for a non-delegable duty under one or more of the five exceptions, the contractor's injured worker has recourse equal to that of an injured bystander. *Id.* at 588.

## Exception Four: Probability of Injury Absent Due Precaution

Here, Purvis seeks to impose liability on Red Roof by virtue of exception number four: "where the act to be performed will probably cause injury to others unless due precaution

is taken." *Id.* at 586. In discussing this exception, the *Bagley* court explained:

> "The essence of this exception is the *foreseeability of the peculiar risk* involved in the work and of the need for special precautions. The exception applies where, at the time of the making of the contract, a principal should have foreseen that the performance of the work or the conditions under which it was to be performed would, absent precautionary measures, probably cause injury."

*Id.* at 588 (emphasis added) (citations omitted).

In this case, both parties devote much of their briefs discussing the foregoing term "peculiar risk," and the meaning of the term was a central theme at oral argument. Red Roof insists that the fourth exception is inapplicable because the risk that Purvis would fall from the roof was an "ordinary" or "routine" risk of the roofing industry, not an "unusual" or "peculiar" risk for which liability might be extended to the hiring entity. Purvis claims, and the trial court agreed, that "peculiar" means risks "specific" or "unique" to the job at hand, and a roofer's fall from a roof is such a risk.

In support of its position, Red Roof cites *Sievers v. McClure,* 746 P.2d 885 (Alaska 1987) where, at the direction of his supervisor, an employee of an independent roofing contractor was thawing ice on a roof with a propane torch in order to prepare the roof surface for the application of asphalt shingles. No "motion stopping devices," required by state law, were in place. *Id.* at 886. The employee slipped and fell to his death. The decedent's personal representative filed suit against the general contractor, and the trial court granted the general contractor's motion for summary judgment. *Id.*

On appeal, the Supreme Court of Alaska held that, under Section 413 of the Restatement,[6] "peculiar risk" for which the employer

---

**6.** Section 413, entitled "Duty to Provide for Taking of Precautions Against Dangers Involved in Work Entrusted to Contractor," provides:

> "One who employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to

them by the absence of such precautions if the employer

> (a) fails to provide in the contract that the contractor shall take such precautions, or
>
> (b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions."

RESTATEMENT (SECOND) OF TORTS § 413, at 384–85 (1965).

would be liable included only risks that are not routinely encountered in the contractor's line of work. *Id.* at 890. Thus, the employer of the independent contractor assumes liability for those hazards the independent contractor "is unlikely to be aware of and therefore unable to protect against." *Id.* Because the risk of falling from a roof is a risk that all roofers routinely face, the Alaska court affirmed summary judgment in favor of the general contractor. *Id.* The court reached this result after having weighed what both the trial court and the reviewing court considered "contradictory and ambiguous language of the comment [following Section 413]" which "mirrors the uncertainty of the law in this area." *Id.* at 887.[7]

The Supreme Court of Iowa reached the same result by way of a different analysis. *Clausen v. R.W. Gilbert Constr. Co.*, 309 N.W.2d 462 (Iowa 1981). In *Clausen*, an employee of an independent subcontractor filed suit against the general contractor for injuries sustained in a fall from a wet and slippery roof at a residential construction site. As here, the employee had no long-term experience as a roofer. *Id.* at 464.

The court observed that the element of foreseeability must be present to allow recovery, so the danger or risk must be foreseeable by the employer in the normal conduct of the operation. *Id.* at 466. Quoting the Restatement, the *Clausen* court agreed that the "peculiar risk" exception is not concerned with "the taking of routine precautions, of a kind which any careful contractor could reasonably be expected to take, *against all the*

*ordinary and customary dangers which may arise in the course of the contemplated work.*" *Id.* (quoting RESTATEMENT (SECOND) OF TORTS § 413 cmt. b, at 385 (1965)) (emphasis added in *Clausen*). Declining to hold that the general contractor's duty was non-delegable, the court ruled that the matter had been erroneously submitted to the jury. *Id.* at 467.

*Clausen* relied in part upon *Lunde v. Winnebago Indus., Inc.*, 299 N.W.2d 473 (Iowa 1980), which considered "peculiar risk" under Section 416 of the Restatement,[8] and reasoned that the required risk must be created by the nature of the work itself, that is, inherent in the project, rather than collateral to that work.[9] *Id.* at 476–77; *see Clausen*, 309 N.W.2d at 466. The Iowa court also observed that ordinary building operations or activities, both construction and demolition, are generally not covered by the peculiar risk exception. *Lunde*, 299 N.W.2d at 477. Hence, the court held that an employee of an independent contractor who was injured in a fall from a roof could not recover from the employer of the independent contractor under the "peculiar risk doctrine." *Id.* at 479.

While Indiana courts have not attempted to define "peculiar risk," the reasoning from several of our decisions parallels that of the Iowa court. We recognize that the risk evolves from the nature of the work and the conditions under which it is to be performed; however, foreseeability is an essential element of the fourth exception and liability is established only when, at the time of con-

---

7. For example, comment b in one part says that "[Section 413] is not concerned with the taking of routine precautions ... against all of the ordinary and customary dangers which may arise in the course of the contemplated work" and, in another part, states that peculiar "does not mean that the risk must be one which is abnormal to the type of work done ... [but] has reference only to a special, recognizable danger arising out of the work itself." RESTATEMENT § 413 cmt. b, at 385–86.

8. That section provides:
   "One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reason-

able care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise."
   RESTATEMENT (SECOND) OF TORTS § 416, at 395 (1965). Section 416 is part of "Topic 2. Harm Caused by Negligence of a Carefully Selected Independent Contractor" and rests upon rules of vicarious liability. *Id.* at 394.

9. The court illustrated the distinction between the two as follows:
   "In the one case the doing of the work creates danger and requires active care to counteract the danger. In the other there is no danger unless created by negligence. The one starts with danger and requires preventive care to make safety, while the other starts with safety and requires negligence to make danger."
   *Lunde*, 299 N.W.2d at 476–77 (citation omitted).

tracting, the employer should have foreseen that injury to others was "likely to happen." As we have explained:

"It is apparent that virtual abrogation of the general doctrine of an employer's non-liability for acts of an independent contractor or the latter's servants would result if the law were to predicate, under all circumstances, the existence of an absolute duty on the employer's part to guard against all accidents, probable as well as improbable, that might happen, to the damage of third persons, while stipulated work is being performed by an independent contractor. If, therefore, recovery is sought on the ground that an employer should have adopted certain precautionary measures for the purpose of preventing the injury complained of, *the action must fail unless the plaintiff can at least show that in view of the nature of the work and the conditions under which it was to be executed, the defendant should have foreseen that the actual catastrophe which occurred was likely to happen* if those precautionary measures were omitted."

*Jones v. Indianapolis Power and Light Co.*, 158 Ind.App. 676, 691, 304 N.E.2d 337, 346 (1973) (quoting 41 AM.JUR.2D *Independent Contractors* § 35) (now § 31) (emphasis supplied in *Jones* ).

Applying this principle, the *Bagley* court held that the requirements of the fourth exception were not satisfied where the plaintiff was injured when another person fell from a ladder driving the plaintiff's head onto the protruding rod he had been hammering into the ground. The court stated that, at the time the contracts were executed, "the delegated work did not present the peculiar probability that an injury such as [plaintiff's] would result unless precautionary measures were taken." *Bagley*, 658 N.E.2d at 588. Because, at the time of contracting "the employers could not have been expected to foresee the sort of injury which actually oc-

curred," the court affirmed the trial court's entry of summary judgment. *Id.* at 588–89.

Similarly, in *Cummings*, a worker was fatally crushed when part of a wall adjoining a sewer trench caved in, covering the worker. *Cummings v. Hoosier Marine Properties, Inc.*, 173 Ind.App. 372, 376, 363 N.E.2d 1266, 1270 (1977). No sheeting or shoring supported the walls of the excavation. *Id.* In concluding that the trial court was justified in entering judgment on the evidence for the owner of the project, we observed that the record revealed no evidence that the owner "had any knowledge of a potentially unsafe or dangerous condition at the time the sewer trenches were contracted for." *Id.* at 387, 363 N.E.2d at 1276. Consequently, an action under the fourth exception failed. *Id.* at 387–88, 363 N.E.2d at 1276.

■ In this case, as in *Bagley* and *Cummings*, we are not persuaded that the nature of the work and the conditions under which it was performed were such that, at the time of contracting, a reasonable employer should have foreseen that injury to Purvis was likely to occur.[10] The employer of an independent contractor may always anticipate that, if the contractor is negligent toward third persons, some harm to those persons may result. *See* RESTATEMENT § 413 cmt. b, at 385. Thus, Red Roof could have foreseen the *possibility* that Purvis could be injured from a fall if no safety precautions were in place. More than the *possibility* of harm, however, is required; the plaintiff must show a *probability* of such harm. Nothing in the designated evidence before us supports the conclusion that Red Roof should have foreseen the *probability* that Purvis would be injured under these conditions.

Thousands of roofing projects are completed each year without incident. In this case, Reichart had completed twenty-two roofing jobs for Red Roof Inns during 1992 without

**10.** Construing the evidence in favor of Purvis, there is indication that Reichart did not comply with regulations formulated pursuant to the Occupational Safety and Health Act (OSHA). However, these regulations address day-to-day conditions involving sometimes minimal risk rather than employment involving peculiar risks. *Lunde*, 299 N.W.2d at 478. Furthermore, the contract between Red Roof Inns and Reichart

stipulated that Reichart would be responsible for compliance with all OSHA codes and requirements. *Record* at 54. Without a specific duty to inspect and, without facts more compelling than those before us, contract specifications requiring the observance of safety precautions do not impose a duty on the owner. *See Cummings*, 173 Ind.App. at 391, 363 N.E.2d at 1277; *Ramon*, 609 N.E.2d at 1129–30.

resultant injury. We conclude that Red Roof did not owe Purvis a non-delegable duty.

### Conclusion

The nature of the roofing project in this case did not create the type of danger so as to create a non-delegable duty in Red Roof on the basis that the act to be performed would probably cause harm to others. Any other conclusion would abrogate the general rule of nonliability of the principal who hires an independent contractor. Absent a duty, Purvis' claim of negligent hiring of an independent contractor cannot be maintained. The trial court improperly denied Red Roof's motion for summary judgment. Accordingly, we reverse and remand with instructions to enter summary judgment in favor of Red Roof on all claims.

Reversed and remanded.

FRIEDLANDER and BARTEAU, JJ., concur.