Leonard DAISY and Patricia Daisy,
Appellants–Plaintiffs,

v.

Thomas ROACH, Appellee–Defendant.

No. 46A05–0312–CV–627.

Court of Appeals of Indiana.

July 14, 2004.

Jane R. Kamm, Schreiner, Malloy & Etzler, P.C., Highland, IN, Attorney for Appellant.

Jerry E. Huelat, David W. Newman, Huelat & Gardner, LLC, Michigan City, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Leonard and Patricia Daisy appeal from the trial court's grant of summary judgment in favor of Thomas Roach on their claim of negligence for injuries suffered by Leonard. They present one issue for our review, which we restate as whether summary judgment was improperly granted to Roach.[1]

---

1. Roach's request for oral argument is hereby denied.

We affirm.

Roach had contracted with Prosser Construction ("Prosser") to perform construction work on his home in late 1999. Roach acted as his own general contractor on the construction project. Leonard was employed by Prosser to perform work on Roach's home in early 2000. He was involved in finishing the roof of the house and was working on the roof on February 15 when his accident occurred. Leonard's supervisor had asked him to get off the roof and get some supplies, but the ladder he had used to climb onto the roof had been moved. His supervisor told another worker to put the ladder back up against the house so that Leonard could get down. Leonard then proceeded to climb down the ladder, but as he did, the ladder slid on ice on the frozen ground and Leonard fell approximately twelve feet. As a result of the fall, Leonard suffered severe injuries, including a shoulder injury for which he had two surgeries. He continues to suffer from headaches and dizziness.

Summary judgment is appropriate when the designated evidentiary matter reveals that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Hammock v. Red Gold, Inc.*, 784 N.E.2d 495, 498 (Ind.Ct.App.2003), *trans. denied.* The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that there is an entitlement to judgment as a matter of law. *Id.* If the moving party meets these requirements, the burden then shifts to the nonmovant to establish genuine issues of material fact for trial. *Id.*

In considering an appeal from the grant of summary judgment, we are bound by the same standard as the trial court. We consider only those facts which were designated to the trial court at the summary judgment stage. We do not reweigh the evidence, but rather, liberally construe all designated evidentiary material in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact. Even if the facts are undisputed, summary judgment is inappropriate where the record reveals an incorrect application of the law to the facts. Because issues of reasonable care, causation, and comparative fault are more appropriately left for determination by the trier of fact, summary judgment is rarely appropriate in negligence cases.

To support their claim for damages, the Daisys assert that Roach is liable as a general contractor, and in the alternative, that he is liable under a theory of premises liability. In asserting their claim for liability as a general contractor, the Daisys rely upon evidence indicating that Roach was aware that the ground was frozen and that the manner in which ladders were used was unsafe.

As a general rule, a principal is not liable for the negligence of an independent contractor whom he employs. *Merrill v. Knauf Fiber Glass GmbH*, 771 N.E.2d 1258, 1267 (Ind.Ct.App.2002), *trans. denied.* However, five exceptions to the general rule have been recognized: (1) where the contract requires the performance of intrinsically dangerous work; (2) where the principal is by law or contract charged with performing the specific duty; (3) where the act will create a nuisance; (4) where the act to be performed will probably cause injury to others unless due precaution is taken; and (5) where the act to be performed is illegal. *Id.* "Duties associated with the five exceptions are considered non-delegable, and the principal is liable for the negligence of the contractor because the responsibilities are deemed 'so important to the community' that the prin-

cipal should not be permitted to transfer those duties to another." *Id.*

■ The Daisys claim that the exception applicable here is that the act to be performed will probably cause injury to others unless due precaution is taken. In *Bagley v. Insight Communications Co., L.P.,* 658 N.E.2d 584 (Ind.1995), our Supreme Court addressed the required showing in order to prove that this exception to the general rule of non-liability should apply. The Court noted that the essence of the exception is the foreseeability of the peculiar risk involved in the work and of the need for special precautions. *Id.* at 588. "The exception applies where, at the time of the making of the contract, a principal should have foreseen that the performance of the work or the conditions under which it was to be performed would, absent precautionary measures, probably cause injury." *Id.*

In *Bagley,* the plaintiff was an employee of a subcontractor for a television cable installer. While he was performing his job by driving a rod into the ground, his employer, Sam Friend, was working from a ladder. The ladder upon which Friend was standing slid on snow and ice on the ground and Friend fell and landed on Bagley, driving Bagley's head down onto the protruding rod. Our Supreme Court held that at the time the contract for work was made, the delegated work did not present the peculiar probability that an injury such as Bagley's would result unless precautionary measures were taken, and the employers could not have been expected to foresee the sort of injury which actually occurred. *Id.* Thus, the exception did not apply and the plaintiff's claim for damages failed. *Id.* at 588–89.

In *Red Roof Inns, Inc. v. Purvis,* 691 N.E.2d 1341 (Ind.Ct.App.1998), *trans. denied,* this court was called upon to determine whether a principal was liable for injuries suffered by an employee of an independent contractor caused by the employee's thirty-foot fall from a roof. The facts established that Purvis was injured when he slipped on a tarpaulin which had been placed over exposed wood which was to be re-shingled at a later time. While working on the roof, no safety equipment was used. In resolving the case in favor of the employer of the independent contractor, this court stated:

> "[W]e are not persuaded that the nature of the work and the conditions under which it was performed were such that, at the time of contracting, a reasonable employer should have foreseen that injury to Purvis was likely to occur. The employer of an independent contractor may always anticipate that, if the contractor is negligent toward third persons, some harm to those persons may result. Thus, Red Roof could have foreseen the *possibility* that Purvis could be injured from a fall if no safety precautions were in place. More than the *possibility* of harm, however, is required; the plaintiff must show a *probability* of such harm. Nothing in the designated evidence before us supports the conclusion that Red Roof should have foreseen the *probability* that Purvis would be injured under these conditions." *Id.* at 1346 (footnote omitted) (citations omitted) (emphasis in original).

Both *Bagley* and *Purvis* are persuasive precedent to support the grant of summary judgment in favor of Roach upon the general contractor theory of liability. In *Bagley,* the main concern addressed by our Supreme Court was that the employer could not have foreseen the sort of injury which occurred. Necessarily considered in reaching that decision is the fact that a ladder would slide on the ice, causing an employee to fall off the ladder. In *Purvis,* this court noted that thousands of roofing projects are completed each year without

incident. 691 N.E.2d at 1346. The fact that one project resulted in a injury to an employee of an independent contractor did not elevate the *possibility* of an accident to the *probability* of an accident.

■ At the time the contract for work by Prosser was entered into, there is no doubt that the parties were aware that there was a possibility that an employee could be injured in a fall from the roof or a ladder.[2] However, there is nothing to indicate that there was a probability that someone would fall and be injured while working on the roof. More importantly, there is nothing to indicate that there was a probability that someone would fall because a ladder would slip on the frozen ground. Consequently, the trial court did not err in granting summary judgment for Roach upon the ground that Roach was not liable as a general contractor.

■ The second theory upon which the Daisys sought damages for Leonard's injury was under a theory of premises liability. The duty owed by the possessor of premises to the employee of an independent contractor is well settled. *Messer v. Cerestar*, 803 N.E.2d 1240, 1244 (Ind.Ct. App.2004), *trans. denied.* Generally, the owner of property is under no duty to provide an independent contractor with a safe place to work. *Id.* However, the owner does have a duty to maintain the property in a reasonably safe condition for business invitees, which includes employees of independent contractors. *Id.* According to the Restatement (Second) of Torts § 343 (1965), a possessor of land is subject to liability if: (1) the possessor knows or should know of a danger and should realize it involves an unreasonable risk; (2) should expect that invitees will not realize the danger or will not protect themselves against such danger; and (3) fails to exercise reasonable care to protect the invitees from danger. *Id.*

In this case, the trial court concluded that Roach owed no duty of care to Leonard concerning the particular construction activity at the worksite. The Daisys assert that this is incorrect in that a duty is owed by Roach to maintain the property in a reasonably safe manner. They then assert that the real issue is whether Roach breached the duty of care that is required of him.

It is true that Roach owed a general duty to maintain the premises in a reasonably safe condition for Leonard. However, the trial court did not focus upon whether a general duty was owed to Leonard, but whether a duty existed for the particular construction activity at issue. Such an interpretation of the law is supported by our Supreme Court's decision in *Rhodes v. Wright*, 805 N.E.2d 382 (Ind.2004). In

---

2. Although the accident in question occurred in February 2000, the trial court found that the contract entered into between Roach and Prosser contemplated that the work would be completed by the end of November. The trial court noted that November is a time which normally predates frozen topsoil and the onset of pervasively icy conditions. Thus, it concluded that "the foreseeability of the particular 'factual congruence' of frozen and icy surface conditions and the use of ladders at the Beverly Road residence is not a matter which can be attributed to defendant Roach and, as the 'focus' of the 'due precaution' exception, defeats the imposition of that obligation upon him here." Appendix at 7. The Daisys assert that this conclusion is error and that it is reasonable for a general contractor to know that there will be ladders used in northwest Indiana during the latter part of the year and that it is reasonable for general contractors to reasonably foresee that someone would be injured in the use of the ladders. We are not persuaded by this argument, and were we to adopt it, we would be directing Indiana tort law away from a general rule of non-liability on the part of employers of independent contractors to something more akin to a rule of strict liability, requiring general contractors to insure against negligent behavior by the independent contractors and their employees.

that case, a truck driver for Tyson Foods was struck and killed by a forklift while chickens were being loaded on a farm. The accident occurred at night, the lights inside the chicken house were off, and there were no external lights to illuminate the area. Additionally, the back-up lights and back-up alarm on thé forklift were not working. The estate of the deceased truck driver sued the owners of the farm where the accident occurred, alleging negligence for failing to light the area where the accident occurred and for failing to warn of known dangers on the property.

■ In setting forth the standards which applied for review of the grant of summary judgment in favor of the owners of the farm, the Supreme Court noted that in premises liability cases, whether a duty is owed depends primarily upon whether the defendant was in control of the premises when the accident occurred. *Id.* at 385. The purpose of the law is to subject to liability the person who could have known of any dangers on the land and therefore could have acted to prevent any foreseeable harm. *Id.* Furthermore, whether a duty exists is generally a question of law for the courts to decide. *Id.* at 386. However, sometimes the existence of a duty depends upon underlying facts which require resolution by the trier of fact. *Id.*

In *Rhodes*, the owners of the farm asserted that they did not control the area where the accident occurred at the time it occurred. Our Supreme Court determined that a sufficient factual dispute existed as to whether Tyson or the defendants controlled the premises where and when the accident occurred such that a jury should decide the issue. *Id.* The Court noted that even were Tyson in control of the premises at the time of the accident, the owners of

the farm would not automatically be relieved of responsibility for injuries to Tyson's employees. *Id.* In reaching that conclusion, the Court relied upon the fact that while Tyson provided specifications for construction of the buildings, it did not prescribe any procedure for external lighting. *Id.*

■ In the case before us, the facts are much different. At the time of the accident in February, the ground was frozen and icy, a naturally occurring condition during the winter months in northern Indiana.[3] And while those conditions may have contributed to the accident, they were not the cause. The cause of the accident was the failure of Prosser employees to safely secure the ladders they used to climb onto the roof of the house. There is no assertion that Roach had any control over the manner in which the ladders were used. While it may be true that Roach had ordered the workers to shut thé doors to the home, obtain supplies, and generally directed how he wanted the house constructed, the evidence does not support the conclusion that Roach was in control of the manner in which the ladders were used. Rather, the only conclusion available from the facts before us is that Prosser controlled the use of the ladders on the site and the area where the accident occurred at the time it occurred. Thus, summary judgment was properly granted in favor of Roach.

The judgment of the trial court is affirmed.

MAY, J., and VAIDIK, J., concur.

---

3. In this regard, the reasonable contemplation of the possessor of the premises in February differs from what probabilities may have been contemplated had the work been completed during the period anticipated under the contract between Roach and the independent contractor.