Donald SELBY, Appellant,

v.

**NORTHERN INDIANA PUBLIC SERVICE COMPANY,**
Appellee.

No. 45A05–0508–CV–498.

Court of Appeals of Indiana.

July 25, 2006.

Transfer Denied Nov. 2, 2006.

---

A. Leon Sarkisian, Kathleen E. Peek, Sarkisian Law Offices, Merrillville, IN, Attorneys for Appellant.

Paul A. Rake, John M. McCrum, Matthew S. Ver Steeg, Eichhorn & Eichhorn, Hammond, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff, Donald Selby (Selby), appeals the trial court's grant of a Motion to Reconsider and resulting summary judgment in favor of Appellee–Defendant, Northern Indiana Public Service Company (NIPSCO).

We affirm.

### ISSUE

Selby raises two issues on appeal, which we consolidate and restate as the following single issue: Whether NIPSCO owed a non-delegable duty to Selby, an employee of an independent contractor injured while blasting dynamite on-site at a NIPSCO plant, and thus was vicariously liable for Selby's injuries under the "intrinsically dangerous" exception to the general rule of a principal's nonliability for a contractor's negligence.

### FACTS AND PROCEDURAL HISTORY [1]

NIPSCO is in the business of producing and selling electricity, as well as gas.

---

1. We heard oral arguments in this case on June 12, 2006 in the Court of Appeals court-

NIPSCO owns and operates the Bailly Generating Station (Bailly) in Porter County, Indiana, a plant at which the primary function is producing electricity. In its production of electricity, NIPSCO uses coal-burning boilers that create steam and in turn power generators that produce the electricity. The burning coal produces flue gas from which coal particles, also called "fly ash," are removed and collected in hoppers. On occasion, the fly ash hardens and becomes attached to the side of the hopper, and then must be removed. If the fly ash cannot be removed by cleaning the hopper, NIPSCO hires an independent contractor to remove the hardened coal particles. In the mid–1990's, NIPSCO entered into a contract with Graycor Blasting (Graycor) to perform fly ash removal at its generating stations. Although not an exclusive contract, NIPSCO began to process approximately twelve (12) purchase orders from Graycor a year for Graycor's blasting services.

On November 6, 1999, Selby, an employee of Graycor, was working on-site at Bailly, along with two other Graycor employees, using dynamite to blast the fly ash out of a hopper. The three-man crew, consisting of Selby, Mike Selby (Mike), and Ron Durbin (Ron), created a system whereby Selby placed the charge of dynamite into the hopper, and then once far enough away from the hopper, signaled to Mike to sound a whistle so that others in the plant would be aware that a charge was about to be detonated. Then, upon receiving confirmation from Selby that the dynamite charge was ready, Ron's job was to arm the detonator. However, in one particular blast, Ron detonated a charge without first receiving confirmation from Selby. At the time the charge was detonated, Selby was at the hopper; upon the dynamite's detonation, Selby was seriously injured.

On November 9, 2001, Selby filed a complaint seeking damages from NIPSCO for his injuries. On January 27, 2005, NIPSCO filed a Motion for Summary Judgment with a designation of evidence. On February 25, 2005, Selby filed a response and cross-motion for Partial Summary Judgment on the issue of duty, also with a designation of evidence. On June 15, 2005, the trial court entered an Order denying NIPSCO's Motion for Summary Judgment, and granting Selby's Motion for Partial Summary Judgment on the issue of duty. On July 6, 2005, NIPSCO filed a Motion to Reconsider, to which Selby filed a response on July 11, 2005. On August 2, 2005, the trial court granted NIPSCO's Motion to Reconsider. On August 9, 2005, the trial court entered a final Order, which states in pertinent part:

1. On June 15, 2005, this court issued an order denying NIPSCO's [M]otion for [S]ummary [J]udgment and granting plaintiffs' [M]otion for [P]artial [S]ummary [J]udgment on the issue of duty.

2. The court's ruling was based largely upon certain exceptions to the general rule that a premises owner is generally not liable for the negligence of an independent contractor, *Carie v. PSI Energy, Inc[.]*, 715 N.E.2d 853[, ]855 (Ind.1999), including the exception that arises when the work contracted for is intrinsically dangerous. *Bagley v. Insight Communications Co.*, 658 N.E.2d 584, 586 (Ind.1995).

3. The holding in *[Bagley]* has been recently re-evaluated by the Indiana Supreme Court in *PSI Energy, Inc. v. Roberts*, 829 [N.E.2d] 943 (Ind.2005) *[reh'g granted*, 834 N.E.2d 665 (Ind. 2005) ].

4. The Court in *Roberts* held:

Employees of the contractor should have no claim against a principal for their own or the contractor's failure to use ordinary care in carrying out the contractor's assignment. Nor should a principal be liable to a contractor or its employees simply by reason of employing the contractor to engage in inherently dangerous activity. We hold therefore that in the absence of negligent selection of the contractor, an employee of the contractor has no claim against the principal based solely on the five exceptions to the general rule of nonliability for acts of the contractor. [Roberts, 829 N.E.2d at 953].

5. Plaintiff's [c]omplaint herein does not allege negligent selection of the contractor by [NIPSCO].

6. Pursuant to the holding in [Roberts], the negligence, if any of Graycor or its employees cannot be imputed to NIPSCO.

7. NIPSCO's Motion to Reconsider Ruling of June 15, 2005 denying NIPSCO's Motion for Summary Judgment and granting plaintiff's Motion for Partial Summary Judgment on the issue of duty, should and is hereby granted.

8. Accordingly, IT IS FURTHER ORDERED, ADJUDGED and DECREED that:

(a) The Motion for Summary Judgment previously filed by [NIPSCO] is granted.

(b) The Motion for Partial Summary Judgment [on the issue of duty] filed by [Selby] is denied.

(Appellant's App. pp. 11–12).

Selby now appeals. Additional facts will be provided as necessary.

### DISCUSSION

Selby contends that the trial court erred in granting NIPSCO's Motion to Reconsider, as well as summary judgment in favor of NIPSCO. Specifically, Selby disputes the trial court's reliance on *PSI Energy, Inc. v. Roberts*, 829 N.E.2d 943 (Ind.2005), *reh'g granted*, 834 N.E.2d 665 (Ind.2005), and argues that the facts in his case are distinguishable from those in *Roberts*. In particular, Selby asserts that despite the holding in *Roberts*, NIPSCO is liable for his injuries because blasting dynamite is an inherently dangerous activity.

### I. Standard of Review

In reviewing a decision of a motion for summary judgment, we apply the same standard as the trial court. *Syfu v. Quinn*, 826 N.E.2d 699, 702 (Ind.Ct.App. 2005). Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). The moving party bears the burden of showing prima facie that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Syfu*, 826 N.E.2d at 703. If the moving party meets this burden, the burden then shifts to the nonmovant to set forth specifically designated facts showing that there is a genuine issue for trial. *American Family Mut. Ins. Co. v. Hall*, 764 N.E.2d 780, 783 (Ind.Ct.App. 2002), *reh'g denied, trans. denied*. A genuine issue of material fact exists where facts concerning an issue that would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. In our review, we consider all of the designated evidence in the light most favorable to the nonmoving party. *Id.*

II. *Liability of Principal for Acts of Independent Contractor*

██ As a long-standing general rule, a principal is not liable for the negligence of an independent contractor whom he employs. *Roberts,* 829 N.E.2d at 950; *Daisy v. Roach,* 811 N.E.2d 862, 864 (Ind.Ct.App. 2004). However, due to public policy concerns which seek to limit a principal's ability to avoid responsibility for some activities by hiring independent contractors, Indiana has recognized five exceptions to this general rule: (1) where the contract requires the performance of intrinsically dangerous work; (2) where the principal is by law or contract charged with performing the specific duty; (3) where the act will create a nuisance; (4) where the act to be performed will likely cause injury to others unless due precaution is taken; and (5) where the act to be performed is illegal. *Roberts,* 829 N.E.2d at 950; *Daisy,* 811 N.E.2d at 864. "Duties associated with the five exceptions are considered nondelegable, and the principal is liable for the negligence of the contractor because the responsibilities are deemed 'so important to the community' that the principal should not be permitted to transfer those duties to another." *Daisy,* 811 N.E.2d at 864–65 (quoting *Merrill v. Knauf Fiber Glass GmbH,* 771 N.E.2d 1258, 1267 (Ind. Ct.App.2002), *trans. denied).*

██ In the present case, Selby primarily argues that NIPSCO is liable for his injuries because it contracted Graycor to blast dynamite, an inherently dangerous activity. "The term 'inherently or intrinsically dangerous' has been defined as work necessarily attended with danger, no matter how skillfully or carefully it is performed." *Roberts,* 829 N.E.2d at 954. Contrary to the other four exceptions, the "inherently dangerous" exception is typically associated with strict liability and does not require negligence on the part of the independent contractor. *Id.* Thus, it imposes liability for activities that are dangerous by their nature, and not merely because they are carried out in a risky manner. *Id.*

NIPSCO, on the other hand, contends that none of the exceptions to the general rule of nonliability apply in Selby's case. Specifically, NIPSCO argues that our supreme court's holding in *Roberts* precludes recovery where an independent contractor could have minimized the risk of injury by using proper precautions in performing the work. In *Roberts,* the plaintiff, an insulator who was contracted to work at various PSI Energy generating stations over an approximately 40–year period, sued PSI for injuries arising from his diagnosis with mesothelioma, a result of his handling insulation containing asbestos. *Id.* at 948–949. Roberts asserted that handling asbestos was intrinsically dangerous, however the court ruled that although working with asbestos could be perilous, it was not intrinsically dangerous such that anyone hiring a contractor to address it incurs strict liability for injuries sustained from exposure to it. *Id.* at 954–55. Additionally, *Roberts* held that "in the absence of negligent selection of the contractor, an employee of the contractor has no claim against the principal based solely on the five exceptions to the general rule of nonliability for acts of the contractor." *Id.* at 953. Further, *Roberts* emphasized that an activity is not intrinsically dangerous if proper precautions can minimize the risk of injury. *Id.* at 955.

Historically, blasting has been considered an ultra-hazardous or intrinsically dangerous activity. *Galbreath v. Engineering Const. Corp.,* 149 Ind.App. 347, 273 N.E.2d 121, 125 (1971); *see also Smith v. Kauffman,* 174 Ind.App. 222, 366 N.E.2d 1195, 1199 (1977); *Erbrich Products Co., Inc. v. Wills,* 509 N.E.2d 850, 854 (Ind.Ct.

App.1987), *reh'g denied, trans. denied.* Evolving from *Rylands v. Fletcher,* 1868 WL 9885 (1868), the doctrine of abnormally dangerous activity provides:

> (1) One who carries on an abnormally dangerous activity is subject to liability for harm to the person, land, or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm.

> (2) This strict liability is limited to the kind of harm, the possibility of which makes the activity abnormally dangerous.

Restatement (Second) of Torts § 519. "The general principle derived from *Rylands* is that where a person chooses to use an abnormally dangerous instrumentality, that person is strictly liable without a showing of negligence for any [injury proximately] caused by that instrumentality." *Inland Steel v. Pequignot,* 608 N.E.2d 1378, 1385 (Ind.Ct.App.1993), *trans. denied.* "[T]he issue of whether an activity is abnormally dangerous is a question of law for the court to decide." *Id.*

To show the vitality of the intrinsically dangerous exception, we note our supreme court's 1995 opinion in *Bagley v. Insight Communications Co., L.P.,* 658 N.E.2d 584, 588 (Ind.1995), which held that "[w]here a contractor's employer is responsible for a non-delegable duty, the contractor's injured worker should not discriminately be deprived of access to full compensatory damages but should have recourse equal to that of an injured bystander." Therefore, the longstanding categorization of blasting as an abnormally dangerous activity susceptible to strict liability, as well as the language in *Bagley,* are now at odds with the court's declaration in *Roberts* that the exception does not apply without the additional claim of negligent hiring.

In the case before us, Selby does not assert that NIPSCO negligently hired Graycor for its blasting needs. Rather, Selby asserts an argument similar to that expressed in *Helms v. Carmel High School Vocational Building Trades Corp.,* 844 N.E.2d 562, 566 (Ind.Ct.App.2006)—that the supreme court could not have intended a broad interpretation of *Roberts,* so that all claims under the exceptions are precluded unless negligent selection of the contractor is also asserted. Specifically, Selby asks us to hold that *Roberts* applies under only the facts of *Roberts,* in particular where the employee of a contractor is injured by the "very condition" his employer was contracted to address. (Appellant's Brief p. 20). Here, Selby asserts that he was not injured by the fly ash he was hired to address, but by the premature detonation of dynamite. However, in *Helms,* upon reviewing Justice Dickson's dissent in *Roberts* which infers that *Bagley* has been "discard[ed]," we concluded that the apparent state of the law appears to be that the intrinsically dangerous exception no longer applies where a contractor's worker is injured absent an allegation of negligent hiring. *Helms,* 844 N.E.2d at 566.

Nevertheless, in hopes that *Bagley* lives on, Selby points out that our supreme court has referenced the case since its issuance of *Roberts.* For instance, in *Vaughn v. Daniels Co. (West Virginia), Inc.,* 841 N.E.2d 1133, 1143 (Ind.2006), the court cites to *Bagley* in its statement of the general rule that a principal is not liable for the negligence of an independent contractor, as well as the rule's five exceptions. However, we note that the court specifically cites to the page in *Bagley* that lays out the rule and the existence of five exceptions; further, it additionally cites to *Roberts.* Therefore, we find the court's reference to *Bagley* subsequent to *Roberts*

insignificant in this instance, and conclude that we must follow our interpretation of *Roberts* given in *Helms*. Accordingly, Selby's "inherently dangerous" argument cannot survive summary judgment in the face of *Roberts* and its requirement of negligent selection of a contractor for principal liability.[2]

Further, we acknowledge the following language included in *Roberts:*

> The contractor is presumably best equipped to evaluate the necessary precautions and determine the standard of ordinary care. Employees of the contractor should have no claim against a principal for their own or the contractor's failure to use ordinary care in carrying out the contractor's assignment. Nor should a principal be liable to a contractor or its employees simply by reason of employing the contractor to engage in inherently dangerous activity.

*Roberts,* 829 N.E.2d at 953 (internal citations omitted). Thus, despite being presented with facts that embody the classic example of an abnormally dangerous activity historically subject to strict liability, *i.e.* blasting with dynamite, the record here does reveal that Selby's injuries could have been avoided had his co-worker, Ron, followed proper procedure and waited for confirmation from Selby before detonating the blast of dynamite that caused Selby's injuries. Consequently, because Graycor's employee did not exercise the ordinary and necessary precautions in detonating the charge of dynamite, NIPSCO cannot be held liable. However, if NIPSCO would be found to have negligently hired Graycor, then NIPSCO would be liable for Graycor's employee's negligent acts.

**2.** This conclusion is reached only under the facts of this case, *i.e.* where a contractor's worker is injured, as opposed to injury to an innocent bystander.

*CONCLUSION*

Based on the foregoing, we conclude that the trial court properly granted summary judgment in favor of NIPSCO.

Affirmed.

VAIDIK, J., and DARDEN, J., concur.