**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

May 20 2013, 8:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**ROBERT E. DUFF**
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
Lebanon, Indiana

ATTORNEYS FOR APPELLEES:

**DAWN R. ROSEMOND**
**LISA D. UPDIKE**
Barnes & Thornburg LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEVIN E. SCHEUMANN and TINA REYNOLDS, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1210-CT-448 |
| | ) | |
| DANNY CLARK, JASON L. LITTLE,[1] RECOVERY ONE LLC, RENOVO SERVICES, LLC, RENAISSANCE RECOVERY SOLUTIONS, LLC, CITIFINANCIAL AUTO CREDIT, INC. and SANTANDER CONSUMER USA, INC., | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Stanley A. Levine, Judge
Cause No. 02D01-1012-CT-567

**May 20, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

---

[1] We note that Danny Clark and Jason L. Little were defendants below. Neither were a part of the summary judgment order issued by the trial court and did not file an appellate brief with this court. However, pursuant to Indiana Appellate Rule 17(A), a party of record in the trial court shall be a party on appeal.

Kevin E. Scheumann ("Scheumann") and Tina Reynolds ("Reynolds") (together, "the Plaintiffs") appeal the grant of summary judgment in favor of Recovery One LLC, Renovo Services, LLC, Renaissance Recovery Solutions, LLC, CitiFinancial Auto Credit, Inc., and Santander Consumer USA, Inc. (collectively, "Renovo"). The Plaintiffs raise the following restated issue for our review: whether the trial court erred in granting summary judgment in favor of Renovo because there is a genuine issue of fact as to whether Renovo is responsible for the Plaintiffs' claims under the theory of respondeat superior.

We affirm.

### FACTS AND PROCEDURAL HISTORY

This case involved the repossession of an automobile. Renovo Services, LLC ('Renovo Services"), Recovery One, LLC, and Renaissance Recovery Solutions, LLC are affiliated for-profit limited liability companies with their principal place of business outside of Indiana. CitiFinancial Auto Credit, Inc. ("CitiFinancial"), which has its principal place of business in Irving, Texas, acquired the Plaintiffs' Retail Installment Sales Contract for the vehicle in question in this case. CitiFinancial has a contractual relationship with Renovo Services through a Repossession and Field Services Agreement. Santander Consumer USA, Inc. ("Santander") has its principal place of business in Dallas, Texas, and assisted with the servicing of the Plaintiffs' loan. Jason L. Little ("Little") was employed by Renovo Services through an "Independent Recovery Contractor Agreement" to do vehicle repossessions for Renovo Services. Little hired Danny Clark ("Clark") as an employee to assist in vehicle repossessions.

The Plaintiffs, Scheumann and Reynolds, are a couple, who live together in New Haven, Indiana. On February 21, 2007, the Plaintiffs entered into a loan agreement for the purchase of a 2003 Chevrolet Impala ("the Car"). The loan for the Car was subsequently purchased by CitiFinancial, and the Plaintiffs began making payments. Both Scheumann and Reynolds signed the loan agreement for the Car, but Reynolds was the primary driver and identified as the owner of the Car on the registration. Reynolds made the loan payments for the Car.

The Plaintiffs failed to make several payments for the Car and defaulted on the loan. Pursuant to this default, CitiFinancial contracted with Renovo Services which in turn utilized Little to repossess the Car. Little was hospitalized at the time of the repossession, so he told Clark to handle the repossession. Clark went to the Plaintiffs' residence, explained that he needed to repossess the Car, and provided the Plaintiffs with the appropriate paperwork. Clark gave Reynolds ample time to remove items from the Car before he took it away. Reynolds paid all past due amounts and all repossession fees to redeem the Car. On June 4, 2010, Clark drove to the Plaintiffs' home, picked up Reynolds, and drove her to pick up the Car. At that time, Clark told her that she had to pay an additional $60 in cash as a "gate fee" in order to have the Car returned. *Appellants' App.* at 224. She paid the money, signed release agreements, and received possession of the Car. When the Car was returned to Reynolds, she discovered that personal property that had not been removed when the Car was repossessed was missing. The following items were missing from the Car: (1) bowling ball, bag, and shoes; (2) iPod Touch; (3) several books; (4) several CDs; (5) a necklace; (6) Indianapolis Colts

3

baseball hat; (7) bucket of water balloons; (8) snow pants; (9) cordless telephone; (10) a Blu-ray movie; (11) photographs; (12) tax papers; (13) two purses; and (13) two $8 coupons to Mike's Carwash. After regaining possession of the Car, Reynolds also discovered evidence that the Car had been driven for personal use while in the possession of Clark and Little.

On December 21, 2010, the Plaintiffs filed a complaint against Renovo, Clark, and Little alleging violations of the Indiana Crime Victims Relief Act,[2] conversion, and fraud. On February 29, 2012, Renovo filed a motion for summary judgment on all of the Plaintiffs' claims. A hearing was not held on Renovo's motion. On August 30, 2012, the trial court granted Renovo's motion for summary judgment, finding that there was no genuine issue of material fact as to whether there was evidence to support any claims against Renovo and as to whether Renovo was liable for any of the Plaintiffs' claims or any of Little's wrongdoing under a theory of respondeat superior. On October 2, 2012, the trial court entered final judgment in favor of Renovo on its summary judgment ruling. The Plaintiffs now appeal.

## DISCUSSION AND DECISION

When reviewing a grant or denial of summary judgment, we apply the same standard as the trial court: summary judgment is only appropriate when the designated evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Walker v. Martin*, 887 N.E.2d 125, 130 (Ind. Ct. App. 2008), *trans. denied.* On appeal, we consider all of the

---

[2] Ind. Code § 34-24-3-1.

4

designated evidence in the light most favorable to the nonmoving party. *Id*. (citing *Walton v. First Am. Title Ins. Co.,* 844 N.E.2d 143, 146 (Ind. Ct. App. 2006), *trans. denied*). The trial court's order granting a motion for summary judgment is cloaked with a presumption of validity, and a party appealing from a summary judgment decision has the burden of persuading the court that the grant or denial of summary judgment was erroneous. *Id*. (citing *Am. Home Assurance Co. v. Allen,* 814 N.E.2d 662, 666 (Ind. Ct. App. 2004), *trans. dismissed*).

The Plaintiffs argue that the trial court erred when it granted summary judgment in favor of Renovo and found that there was no genuine issue of material fact as to whether Renovo was liable for any of the Plaintiffs' claims or any wrongdoing of Little under a theory of respondeat superior. The Plaintiffs contend that this was error because their designated evidence raised a genuine issue of material fact as to whether Clark and Little were employees of Renovo. They further assert that, even if Clark and Little were independent contractors, Renovo was not entitled to summary judgment because the Plaintiffs' claims fall within one of the exceptions to the general rule that a principal is not liable for the actions of its independent contractors.

Under respondeat superior, an employer, who is not liable because of his own acts, can be held liable for the wrongful acts of his employee which are committed within the scope of employment. *Columbus Reg'l Hosp. v. Amburgey*, 976 N.E.2d 709, 714 (Ind. Ct. App. 2012) *trans. denied*. However, the general rule in Indiana is that a principal is not liable for the torts of an independent contractor. *Dallas Moser Transporters, Inc. v. Ensign*, 594 N.E.2d 454, 457 (Ind. Ct. App. 1992). The theory behind non-liability for

5

independent contractors is that it would be unfair to hold a principal liable for the conduct of another when the principal has no control over that conduct. *Columbus Reg'l Hosp.*, 976 N.E.2d at 714.

Whether one acts as an employee or an independent contractor is generally a question for the finder of fact. *Walker*, 887 N.E.2d at 131 (citing *Mortg. Consultants, Inc. v. Mahaney,* 655 N.E.2d 493, 496 (Ind. 1995)). However, if the significant underlying facts are undisputed, the court may properly determine a worker's classification as a matter of law. *Id*. (citing *Moberly v. Day,* 757 N.E.2d 1007, 1009 (Ind. 2001)). Our Supreme Court has stated that when determining whether one is an employee or an independent contractor, we apply the following ten-factor analysis described in the Restatement (Second) of Agency § 220 (1958) to distinguish employees from independent contractors:

(a) the extent of control which, by the agreement, the master may exercise over the details of the work;

(b) whether or not the one employed is engaged in a distinct occupation or business;

(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is a part of the regular business of the employer;

(i) whether or not the parties believe they are creating the relation of master and servant; and

(j) whether the principal is or is not in business.

*Walker,* 887 N.E.2d at 131. All of the above circumstances are considered in our analysis, and no single factor is dispositive. *Id.* "However, although not dispositive, 'extent of control' is the single most important factor in determining the existence of an employer-employee relationship." *Id.* (quoting *Wishard Mem'l Hosp. v. Kerr,* 846 N.E.2d 1083, 1090 (Ind. Ct. App. 2006)).

In the present case, the designated evidence shows that the significant underlying facts are that Little entered into an "Independent Recovery Contractor Agreement" with Renovo Services to perform repossessions for the company. *Appellants' App*. at 114-24; 131. Clark worked for Little as his employee and was not subject to the agreement with Renovo Services. Renovo Services paid Little for all completed assignments in accordance with a fee schedule and via an IRS Form 1099; he was not on Renovo Services's payroll and was not paid wages subject to a W-2 form. *Id*. at 115, 131. Renovo Services also did not provide Little or Clark with employment documents such as a withholdings sheet, employee handbook, or health benefits forms. *Id*. at 132. Little would receive "orders" from Renovo Services as to when he was to perform a repossession of a vehicle, and he and Clark would perform as few as two or as many as seven repossessions per week. *Id*. at 113. Renovo Services did not have control over Little's or Clark's work schedule, hours worked, or the manner in which repossessions

7

were performed.  *Id*. at 132.  Renovo Services did not provide Little or Clark with any tools, materials, or an office space for them to perform the repossession assignments.  *Id*.  Little did receive online training and testing from Renovo Services through the "Certified Cars Training Program" prior to starting to perform repossessions for Renovo Services.  *Id*. at 296.  He also met with a general manager from Renovo Services who explained some of the procedures, which were basically ways to stay safe and protect oneself when doing repossessions.  *Id*.  Renovo Services did not supervise Little or Clark and did not have the ability to discipline them, but Little kept Renovo Services aware of what was going on with him and his availability.  *Id*. at 299.  Renovo Services referred to Little's company as "Renovo Fort Wayne," although it was not incorporated as such.  *Id*. at 297.  Considering all of the significant, undisputed underlying facts in this case, we conclude that they support the conclusion that Little and Clark were independent contractors and not employees of Renovo Services.

The Plaintiffs further argue that, even if Little and Clark were independent contractors, Renovo was not entitled to summary judgment.  Although the general rule is that a principal is not liable for the actions of its independent contractors, "due to public policy concerns which seek to limit a principal's ability to avoid responsibility for some activities by hiring independent contractors," Indiana courts have recognized five exceptions to this general rule.  *Selby v. N. Ind. Pub. Serv. Co.*, 851 N.E.2d 333, 337 (Ind. Ct. App. 2006), *trans. denied*.  The Plaintiffs contend that, here, Renovo is liable for their damages based on the exception "where the principal is by law or contract charged with performing the specific duty."  *Id*.  Specifically, they assert that Renovo had a statutory

8

duty under Indiana Code section 32-34-4-5 to maintain possession of property inside of repossessed vehicles and to return such property. The Plaintiffs also allege that Renovo had a statutory duty under Indiana Code section 9-24-18-4 to not knowingly allow someone to drive a vehicle that has been repossessed and a contractual duty to release the vehicle upon payment of all amounts due.

Contrary to the argument of the Plaintiffs, Indiana Code section 32-34-4-5 does not establish a statutory duty upon the creditor to maintain possession of personal property discovered in a repossessed vehicle or any duty to return the property, nor does it create liability for the failure to return such property. It is a statute requiring notice to debtors when property is discovered inside a repossessed vehicle and describing what occurs when the debtor fails to claim such property. Ind. Code § 32-34-4-5. Regarding the Plaintiffs' contention that the Car was driven for personal use by Clark, the Plaintiffs themselves designated evidence establishing that there was no such personal use.[3] Lastly, as to the Plaintiffs' claim of Renovo's liability for Clark's action of charging Reynolds $60 to release the Car, we find this claim waived for failure to cite to authority to support the contention. *See York v. Fredrick*, 947 N.E.2d 969, 979 (Ind. Ct. App. 2011) ("A party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."), *trans. denied*.

Therefore, we conclude that the Plaintiffs have failed to establish any of the exceptions to the general rule of non-liability of a principal for the torts of an independent

---

[3]The Plaintiffs designated pages 18-21 of the deposition of Little. On page 19, Little testified that there was no personal use of the vehicle by either Clark or himself. The Plaintiffs failed to come forward with any evidence to establish a material question of fact regarding such usage. *Appellants' App*. at 298.

9

contractor. The trial court did not err in finding that Renovo was not liable for any of the Plaintiffs' claims or any wrongdoing of Little or Clark under a theory of respondeat superior. Summary judgment was correctly granted in favor of Renovo.

Affirmed.

VAIDIK, J., and PYLE, J., concur.