**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

Mar 19 2014, 6:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ADAM J. SEDIA**
Rubino, Ruman, Crosmer & Polen
Dyer, Indiana

ATTORNEYS FOR APPELLEES:

**DANIEL M. COOPER**
**DAVID BUROW FLAK**
Law Offices of the Liberty Mutual Group
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MILE DJURIC, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1307-CT-275 |
| | ) | |
| EGGERT BUILDERS, INC., and | ) | |
| MATT ANDERSON d/b/a | ) | |
| ANDERSON PLASTERING CO.,[1] | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable John R. Pera, Judge
Cause No. 45D10-1104-CT-87

**March 19, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

---

[1] Although named as a defendant in the action, Anderson did not file an answer to Djuric's complaint and has not filed an appellate brief. The trial court entered a default judgment against Anderson. "Under Indiana Appellate Rule 17(A), '[a] party of record in the trial court or Administrative Agency shall be a party on appeal.'" *Hoosier Outdoor Adver. Corp. v. RBL Mgmt., Inc.*, 844 N.E.2d 157, 162 (Ind. Ct. App. 2006) (quoting Ind. Appellate Rule 17(A)).

Mile Djuric appeals from the trial court's order granting summary judgment in favor of Eggert Builders, Inc. in Djuric's negligence action against Eggert, contending that genuine issues of material fact exist, regarding Eggert's duty and whether the work was intrinsically dangerous, that precluding the entry of summary judgment.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On February 11, 2011, while employed as an independent contractor by Anderson Plastering Co., a subcontractor hired to do exterior plaster work on a new home, Djuric fell off the roof of the home and broke both of his legs. Djuric filed a complaint, alleging, in pertinent part, that Eggert, the general contractor, was negligent and at fault in causing Djuric to fall and be injured. Djuric was not hired by Eggert, and Eggert was not aware that Djuric had been hired by Anderson. There was no direct communication between Djuric and Eggert.

According to Eggert, Anderson was responsible for any safety precautions that were necessary to complete the work contracted to Anderson. The president of Eggert was out of the state the week of the accident and had no direct or actual knowledge of the specific condition of the property on the day of Djuric's accident.

Anderson failed to respond to Djuric's complaint, and a default judgment was entered against Anderson in the amount of $500,000. Eggert filed a motion for summary judgment, which was granted by the trial court. Djuric now appeals the trial court's entry of summary judgment in favor of Eggert.

2

**DISCUSSION AND DECISION**

On appeal from a grant of summary judgment, our standard of review is the same as that of the trial court. *FLM, LLC v. Cincinnati Ins. Co.*, 973 N.E.2d 1167, 1173 (Ind. Ct. App. 2012) (citing *Wilcox Mfg. Grp., Inc. v. Mktg. Servs. of Ind., Inc.*, 832 N.E.2d 559, 562 (Ind. Ct. App. 2005)), *trans. denied*. We stand in the shoes of the trial court and apply a de novo standard of review. *Id.* (citing *Cox v. N. Ind. Pub. Serv. Co.*, 848 N.E.2d 690, 695 (Ind. Ct. App. 2006)). Our review of a summary judgment motion is limited to those materials designated to the trial court. Ind. Trial Rule 56(H); *Robson v. Tex. E. Corp.*, 833 N.E.2d 461, 466 (Ind. Ct. App. 2005), *trans. denied*. Summary judgment is appropriate only where the designated evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56(C). For summary judgment purposes, a fact is "material" if it bears on the ultimate resolution of relevant issues. *FLM*, 973 N.E.2d at 1173. We view the pleadings and designated materials in the light most favorable to the non-moving party. *Id.* Additionally, all facts and reasonable inferences from those facts are construed in favor of the nonmoving party. *Id.* (citing *Troxel Equip. Co. v. Limberlost Bancshares*, 833 N.E.2d 36, 40 (Ind. Ct. App. 2005), *trans. denied*.)

A trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous. *Id.* Where a trial court enters specific findings and conclusions, they offer insight into the rationale for the trial court's judgment and facilitate appellate review, but are not binding upon this court. *Id.* We will affirm upon any theory

3

or basis supported by the designated materials. *Id.* When a trial court grants summary judgment, we carefully scrutinize that determination to ensure that a party was not improperly prevented from having his or her day in court. *Id.*

In premises liability cases, such as this, the duty owed by the possessor of the premises to the employee of an independent contractor is well settled. "Generally, the owner of property is under no duty to provide an independent contractor with a safe place to work." *Daisy v. Roach*, 811 N.E.2d 862, 866 (Ind. Ct. App. 2004) (citing *Messer v. Cerestar*, 803 N.E.2d 1240, 1244 (Ind. Ct. App. 2004)). Nevertheless, an owner of property does have a duty to maintain the property in a reasonably safe condition for business invitees, including employees of independent contractors. *Id.* Restatement (Second) of Torts § 343 (1965), provides that a possessor of land is subject to liability if the possessor: (1) knows or should know of a danger and should realize it involves an unreasonable risk; (2) should expect that invitees will not realize the danger or will not protect themselves against such danger; and (3) fails to exercise reasonable care to protect the invitees from danger.

Analyzing the facts of this case under that standard, the trial court properly concluded that Eggert owed no duty to Djuric. Assuming for the sake of argument that Eggert would have discovered the condition of the property, i.e., snow on the roof, had he been in town on that date, the designated evidence reflects that Eggert should not have realized that the condition would present an unreasonable risk of harm. Eggert had no expectation that Anderson or Djuric would attempt to work in any condition that presented a danger instead of waiting for the conditions to change. The designated evidence reveals

4

that Anderson, and by extension his independent contractor, Djuric, was going to attempt to begin work on the job on the date of the incident. Thus, there was an inference that work would not start if they were unable to begin. Anderson agreed, pursuant to its contract with Eggert, to take all necessary safety precautions. Thus, it was reasonable for Eggert to expect that before any work was attempted potential danger could be eliminated and appropriate safety measures would be taken by Anderson.

Looking at the second part of this three-part test, there is no genuine issue of material fact as to a breach of duty on Eggert's part. The condition of the snow on the roof was open and obvious to anyone who saw the roof. Eggert was reasonable in its expectation that any dangers associated with the condition would be discovered and realized by both Anderson and Djuric before anyone climbed on the roof. Eggert had no reason to expect that a person hired to work on the roof would fail to take necessary safety precautions to protect against potential danger. One of the precautions available to Anderson and Djuric was to avoid working on the roof at all that day.

Eggert made no assertions to Anderson or Djuric that the roof would be cleared of snow. The designated evidence does not suggest that Eggert failed to exercise reasonable care. Consequently, Eggert did not breach any part of the standard of care required of possessors of premises to business invitees.

The cases cited by Djuric in support of his argument are also unpersuasive as they are distinguishable. In *Swan Lake Holdings, LLC. v. Hiles*, 888 N.E.2d 265 (Ind. Ct. App. 2008), a rotten beam collapsed when Hiles stepped on it while working to repair an overhang. The evidence in that case showed that the possessor of the premises should have

5

known of the condition, i.e., a leaking roof causing beams to rot, and should have expected that Hiles, the business invitee, would not discover the condition and be able to take safety measures. *Id.* at 271. In the present case, however, the snow on the roof was open and obvious such that it was easily discoverable by Djuric, allowing him to protect himself from danger.[2]

Djuric also maintains that summary judgment in favor of Eggert is inappropriate because there is a genuine issue of material fact concerning whether the nature of Djuric's work was intrinsically dangerous or involved a particular risk. We stated the following in *Daisy*:

> As a general rule, a principal is not liable for the negligence of an independent contractor whom he employs. However, five exceptions to the general rule have been recognized: (1) where the contract requires the performance of intrinsically dangerous work; (2) where the principal is by law or contract charged with performing the specific duty; (3) where the act will create a nuisance; (4) where the act to be performed will probably cause injury to others unless due precaution is taken; and (5) where the act to be performed is illegal. "Duties associated with the five exceptions are considered non-delegable, and the principal is liable for the negligence of the contractor because the responsibilities are deemed 'so important to the community' that the principal should not be permitted to transfer those duties to another."

811 N.E.2d at 864-65 (internal citations omitted). Djuric's contentions direct us to exceptions (1) and (4).

---

[2] The other case cited by Djuric is an unpublished, federal district court decision, *Schnitzmeyer v. Indiana Railroad Co.*, 2011 WL 338866 (S.D. Ind. Jan. 28, 2011). Unpublished decisions and decisions on Indiana law issued by federal district courts do not constitute binding precedent upon this court. *Kuehne v. United Parcel Serv., Inc.*, 868 N.E.2d 870, 874 (Ind. Ct. App. 2007). They will be considered and mentioned when the issues involved are similar and there is a paucity of authority on the matter. *Id.* Such is not the case here.

Djuric asserts that the work, i.e., clearing the snow, was intrinsically or inherently dangerous. However, he does not contend that the work for which he was hired, plaster work, was intrinsically dangerous. The contract at issue did not require him to perform the work of clearing snow. Eggert did not require that the plastering work be done while there was snow on the roof. Additionally, Eggert stated that the work could be done over a time period allowing Anderson and Djuric to return to begin the work when there was no snow on the roof.

Under exception (4), the peculiar risk doctrine applies "where, at the time of the making of the contract, a principal should have foreseen that the performance of the work or the conditions under which it was to be performed would, absent precautionary measures, probably cause injury." *Id.* at 865 (quoting *Bagley v. Insight Commc'ns Co., L.P.*, 658 N.E.2d 584 N.E.2d 584, 588 (Ind. 1995)). In this case, however, there was no way to foresee at the time Eggert contracted with Anderson that the work would be attempted on a day in the future when there would be snow. Furthermore, the contract provided that Anderson and Djuric would perform plaster work, not snow-clearing work. The trial court did not err in granting summary judgment in favor of Eggert.

Affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.